William O. Kimball (9460)
William B. Chadwick (16416)
KIMBALL ANDERSON
649 E. South Temple, 2nd Floor
Salt Lake City, Utah 84102
(801) 359-3333
bill@kimballanderson.com
will@kimballanderson.com

*Attorneys for Defendants*
*Rez Candles Inc. and Reza Davachi*

---

# UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| ALLERGY RESEARCH GROUP LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>REZ CANDLES INC., a Delaware corporation; REZA DAVACHI, an individual; and JOHN DOES 1-10,<br><br>Defendants. | **DEFENDANTS' JOINT MOTION TO DISMISS UNDER FRCP 12(b)(2) FOR LACK OF PERSONAL JURISDICTION**<br><br>Case No. 2:21-cv-00073<br><br>Judge Dale A. Kimball |

Defendants Rez Candles, Inc. and Reza Davachi move under Fed. R. Civ. P. 12(b)(2) to dismiss the Complaint (Dkt. 2) filed by Plaintiff Allergy Research Group LLC ("ARG") because this Court lacks personal jurisdiction over them. Rez Candles operates in Maryland and Reza Davachi lives in Maryland and they both lack the contacts and connections to Utah to make them "at home" in this state. Moreover, all actions giving rise to this litigation took place outside of Utah and were not "purposefully directed" at this state. Finally, the Complaint does not make any

factual allegations that would bring Mr. Davachi into this court's jurisdiction, and ARG's unsupported legal conclusions cannot bridge this deficiency in the pleading.

## I. FACTUAL BACKGROUND

1. Rez Candles is a Delaware corporation that sells vitamins and supplements through Amazon. *See* Declaration of Reza Davachi, Exhibit A, at ¶ 6.

2. Its principal place of business is in Damascus, Maryland, where its owner, Mr. Davachi, lives and works. *Id.* at ¶ 7.

3. While Rez Candles does not restrict which states can purchase products from its websites, its sales to Utah have been minimal. *Id.* at ¶ 10.

4. Rez Candles observes standard corporate formalities. *Id.* at ¶ 9.

5. Mr. Davachi owns Rez Candles and does not run any of Rez Candles' operations, websites, advertisements, or sales in his personal capacity. *Id.* at ¶ 3.

6. Mr. Davachi does not personally conduct any business in Utah. *Id.* at ¶11.

7. Mr. Davachi has never been to Utah. *Id.* at ¶ 12.

8. Neither Defendant has any employees or operations in Utah. *Id.* at ¶13.

9. Neither Defendant runs any print, radio, or television advertisements in Utah. *Id.* at ¶14.

10. Neither Defendant owns any real property in Utah. *Id.* at ¶15.

11. Neither Defendant stores any inventory in Utah. *Id.* at ¶ 16.

## II.     ARGUMENT – THIS COURT LACKS PERSONAL JURISDICTION OVER REZ CANDLES AND MR. DAVACHI.

### A.     Legal Standard

ARG "has the burden of proving that the court's exercise of jurisdiction [is] proper…by a preponderance of the evidence." *Pro Axess, Inc. v. Orlux Distrib., Inc.*, 428 F.3d 1270, 1276 (10th Cir. 2005) (citation omitted). "For personal jurisdiction over a nonresident defendant, the jurisdiction must be 'legitimate under the laws of the forum state' and exercising the jurisdiction 'does not offend the due process clause of the Fourteenth Amendment.'" *Tombstone Exploration Corp. v. EuroGas, Inc.*, No. 2:15-cv-00195, 2015 WL 5883327, at *2 (D. Utah, Oct. 8, 2015) (*citing ClearOne Commc'ns, Inc. v. Bowers*, 643 F.3d 735, 763 (10th Cir. 2011)).

Accordingly, this Court should "analyze whether the exercise of jurisdiction over [Defendant] satisfies federal due process standards." *Id.* Due process requires that out-of-state defendants (such as Reza Candles and Mr. Davachi) have "minimum contacts" with Utah, such that defending a lawsuit here would not "offend traditional notions of fair play and substantial justice." *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

The "minimum contacts" requirement can be met in one of two ways. First, the Court can exercise general jurisdiction over an out-of-state defendant only if "affiliations with the State are so continuous and systematic as to render [it] essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 131 S. Ct. 2846 (2011) (internal quotation omitted). However, as stressed by the Supreme Court, absent extraordinary circumstances, a defendant corporation should not be found "at home" beyond the state in which

it is incorporated and the state in which its principal place of business is located. *See Daimler Ag v. Bauman*, 134 S. Ct. 746, 762 n. 19, 187 L. Ed. 624 (2014).

Second, the Court can establish specific personal jurisdiction. Under Tenth Circuit precedent, to establish specific jurisdiction, a plaintiff must show "that (1) the defendant has purposefully availed itself of the privilege of conducting activities or consummating a transaction in the forum state; and (2) the litigation results from alleged injuries that arise out of or relate to those activities." *Kindig It Design, Inc. v. Creative Controls, Inc.*, 157 F. Supp.3d 1167, 1178 (D. Utah 2016). The purposeful availment requirement "ensures that a defendant will not be subject to the laws of a jurisdiction 'solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or third person.'" *Id.* (quoting *AST Sports Sci., Inc. v. CLF Distribution Ltd.*, 514 F.3d 1054, 1056-57 (10th Cir. 2008)). Accordingly, the specific jurisdiction inquiry "focuses on the relationship among the defendant, the forum, and the litigation." *Private Capital Grp., Inc. v. Dareus*, No. 2:13-CV-18, 2014 WL 3394662, at *3 (D. Utah July 10, 2014) (*citing Walden v. Fiore*, 134 S. Ct. 1115, 1121-22, 188 L. Ed.2d 12 (2014)) (internal quotations omitted). The mere fact that conduct affected a plaintiff with connections to the forum state is not sufficient to authorize jurisdiction over the defendant. *See Walden*, 134 S. Ct. at 1122; *see also Younique, LLC v. Youssef*, No. 2:15-cv-00783, 2016 WL 6998659, at *3 (D. Utah Nov. 30, 2016).

Here, the conclusory and false jurisdictional allegations in ARG's Complaint fail to satisfy its burden of establishing either general or specific jurisdiction. As such, this matter must be dismissed.

### B.     The Court lacks general jurisdiction over Rez Candles and Mr. Davachi.

#### 1.     Rez Candles and Mr. Davachi are not "at home" in Utah.

The Supreme Court has recognized that a defendant must have a specific set of affiliations with a forum before a court can exercise general jurisdiction over it. *Daimler*, 134 S. Ct. at 760 (*citing Goodyear Dunlop Tires Operations*, 131 S. Ct. at 2853-54). The Supreme Court has specifically cautioned that absent extraordinary circumstances which are not present here, a corporate defendant shall not be found to be "at home" beyond the state in which it is incorporated or has its principal place of business. *Id*. Indeed, "[a] corporation that operates in many places can scarcely be deemed at home in all of them. Otherwise, 'at home' would be synonymous with 'doing business' tests framed before specific jurisdiction evolved in the United States." *Id*. at 762 n. 20. Accordingly, the inquiry is not whether in-forum contacts can be said to be in some sense "continuous and systematic"; it is whether the "affiliations with the state are so continuous and systematic as to render [it] essentially at home in the forum state." *Id.*, *quoting Goodyear Dunlop Tires Operations*, 131 S. Ct. 2851.

In *Daimler*, the defendant was not incorporated in California and did not maintain its principal place of business in that state. *Id.* at 752. However, one of its independent subsidiaries did maintain multiple facilities in the forum, including a regional office in Costa Mesa, a Vehicle Preparation Center in Carson, and a Classic Center in Irvine. *Id.* Moreover, the record showed that the subsidiary was "the largest supplier of luxury vehicles to the California market," accounting for 2.4% of worldwide sales. *Id.* Based on these contacts, the plaintiff argued that general jurisdiction was established. The Supreme Court disagreed, noting that, "[s]uch exorbitant exercises of all-purpose jurisdiction would scarcely permit out-of-state defendants 'to structure

their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit.'" *Id.* (*citing Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-478, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985)).

Here, the Defendants' contacts with Utah are even more attenuated than those of the defendant in *Daimler*. Rez Candles is incorporated in Delaware, and its principal place of business is in Maryland. Davachi Decl. at ¶¶ 5, 7. The Defendants do not have any employees or operations in Utah. *Id.* at ¶ 13. They do not run any print, radio, or television advertisements in Utah. *Id.* at ¶ 14. The Defendants do not own any real property or store any inventory in Utah. *Id.* at ¶¶ 15,16. Beyond this, Mr. Davachi does not personally conduct any business in Utah. *Id.* at ¶ 11. Neither Rez Candles nor Mr. Davachi is "at home" in Utah by any interpretation, and neither Defendant is subject to general jurisdiction in this Court.

        2.    <u>The Complaint does not allege that Mr. Davachi has done anything to warrant personal jurisdiction in Utah.</u>

ARG's Complaint does not make any allegations that establish personal jurisdiction over Mr. Davachi personally. Indeed, ARG candidly admits that it "cannot determine whether Davachi in his individual capacity . . . operate[s] the 'River of Human Health' Amazon storefront and the Website." Complaint at ¶ 137. To try to circumvent its admitted deficiency, ARG offers an unsupported allegation that "Davachi directs, controls, ratifies, participates in, or is the moving force behind the sales of infringing products. . ." and that he is therefore personally liable for infringing activities of Rez Candles "without regard to piercing the corporate veil." Complaint at ¶ 138. This barebones conclusion cannot establish jurisdiction over Mr. Davachi personally. When determining whether a court has personal jurisdiction, it must not accept allegations unless they are "well-plead (that is, plausible, non-conclusory, and non-speculative)." *Dudnikov v. Chalk &*

*Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008). ARG's bald, legal conclusion does not clear this required threshold.

ARG's unsupported allegation that Rez Candles an "alter ego" of Mr. Davachi is also not sufficient to establish personal jurisdiction over Mr. Davachi. *See* Complaint at ¶ 139. ARG bases its entire alter-ego liability theory on one allegation: "Rez Candles Inc appears to have no officers other than Davachi." *Id.* Relying on this reasoning alone, ARG claims it "is entitled to pierce the corporate veil and hold Davachi personally liable for the infringing activities of Rez Candles Inc." *Id.* Proving that Rez Candles is the alter ego of Mr. Davachi requires much more than this, especially when it is the only offered mechanism for establishing jurisdiction over Mr. Davachi in this foreign district. ARG must prove that there is a "unity of interest and ownership" between Mr. Davachi and the separate Rez Candles business "such that an adherence to the fiction of the separate existence of the corporation would, under the particular circumstances, sanction a fraud or promote injustice." *Ten Mile Indus. Park v. W. Plains Serv. Corp.*, 810 F.2d 1518, 1527 (10th Cir. 1987). "[C]onclusory allegations, unsupported by evidence" are not enough to establish that this Court has personal jurisdiction over Mr. Davachi through an alter ego theory. *Gas Sensing Tech. Corp. v. Ashton*, No. 16-CV-272-F, 2017 WL 2955353, at *11 (D. Wyo. June 12, 2017) (granting motion to dismiss for lack of personal jurisdiction for failing to plead facts to support alter ego theory).

The Tenth Circuit affirmed the *Gas Sensing Tech.* decision and ruled that a clear overlap between the parties (e.g., shared mailing address, shared involvement, blurred corporate lines) did not establish a "unity of interest and ownership." *Gas Sensing Tech. Corp. v. Ashton*, 795 F. App'x 1010, 1021 (10th Cir. 2020). The appellate court confirmed that even these facts did not undermine

7

the company's "status as a valid corporate entity," nor did they support the notion that a foreign party with no connection to a state and no involvement in the events giving rise to the litigation somehow "purposefully availed [itself] of the privilege" of doing business in that state and should "anticipate being haled into court" there. *Gas Sensing Tech. Corp. v. Ashton*, 795 F. App'x 1010, 1021 (10th Cir. 2020), *citing Ten Mile Indus. Park.*, 810 F.2d at 1526.

Likewise, Mr. Davachi is wholly distinct from Rez Candles and has not personally availed himself of doing business in Utah. Mr. Davachi could not have reasonably anticipated being brought into court here, and ARG has not plead any facts otherwise. Consequently, Mr. Davachi should be dismissed from this case.

### C. The Court lacks specific jurisdiction over Rez Candles and Mr. Davachi because both lack minimum contacts with Utah.

Since ARG cannot establish general jurisdiction, it must demonstrate that this Court has specific personal jurisdiction over each Defendant in Utah to avoid dismissal. In determining whether specific jurisdiction exists, the Court considers "whether the defendant purposefully directed its activities at [] the forum, and whether the plaintiff's claim arises out of or results from 'actions by the defendant [itself] that create a substantial connection with the forum state.'" *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998) (*citing Burger King*, 471 U.S. at 472, and *Asahi Metal Industry Co. v. Superior Court of California*, 480 U.S. 102, 109, 107 S. Ct. 1026, 94 L. Ed. 2d 92 (1987)). The idea is to "ensure that an out-of-state defendant is not bound to appear to account for merely 'random, fortuitous, or attenuated contacts' with the forum state." *Dudnikov*, 514 F.3d at 1071 (10th Cir. 2008).

Here, any acts of either Defendant potentially relevant to ARG's claims occurred in Maryland. Rez Candles operates its business, responds to customer questions, stores inventory,

8

and ships orders from Maryland. Davachi Decl. at ¶ 8. The only connection this case has with Utah is that ARG's corporate parent resides here—a random and fortuitous fact that specific jurisdiction aims to avoid. Thus, Defendants could not have anticipated being hailed into court in Utah and are not be subject to jurisdiction here.

1.  All acts giving rise to ARG's Complaint occurred outside Utah.

The specific jurisdiction inquiry "focuses on 'the relationship among the defendant, the forum, and the litigation." *Walden*, 134 S. Ct. at 1121. "Due Process limits…principally protect the liberty of the nonresident defendant—not the convenience of plaintiffs or third parties." *Id.* (quoting *Keeton v. Hustle Magazine, Inc.*, 465 U.S. 770, 775, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984). "Put simply, however significant the plaintiff's contacts with the forum may be, those contacts cannot be 'decisive in determining whether the defendant's due process rights are violated.'" *Id.* (*quoting Rush v. Savchuk*, 444 U.S. 320, 332, 100 S. Ct. 571, 62 L. Ed. 2d 516 (1980)). Indeed, "[t]he proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Id.* at 1125. Therefore, in evaluating specific jurisdiction, this Court must focus on Defendants' contacts with Utah, not ARG's contacts with this state, and certainly not the mere fact that ARG may have suffered an injury within the forum.

The only connection with this state and ARG's causes of action is the random and fortuitous fact that ARG is incorporated here. This fact is insufficient to establish specific personal jurisdiction over Defendants. *See Walden,* 134 S. Ct. at 1121 (stating that the Supreme Court has consistently rejected attempts to satisfy the defendant-focused "minimum contact" inquiry by demonstrating contacts between plaintiff and the forum State). Any acts taken by Defendants

9

relating to ARG's claims (such as operating a website or shipping products) occurred outside of Utah, and specific personal jurisdiction cannot be established in this state.

        2.    <u>None of the Defendants' actions have been "purposefully directed" at Utah.</u>

In some cases involving intentional torts, actions taken in a foreign state could potentially establish personal jurisdiction in that state if the actions were "purposefully directed" there. The Tenth Circuit has drawn from *Calder v. Jones*, 465 U.S. 783, 104 S. Ct. 1482, 79 L. Ed. 2d 804 (1984), to define the contours of the "purposeful direction" requirement. *See, e.g., Shrader v. Biddinger*, 633 F.3d 1235, 1239-40, 1244 n.7 (10th Cir. 2011); *Dudnikov*, 514 F.3d at 1072. To meet *Calder's* "effects test" and rise to the level of "purposeful direction" by a non-resident defendant, ARG must show three things: that Defendants (a) committed "an intentional action"; (b) that is "expressly aimed at the forum state"; (c) with the "knowledge that the brunt of the injury would be felt in the forum state." *Dudnikov*, 514 F.3d at 1072. As discussed above, even if ARG could establish the first element, it cannot satisfy the second or third elements; therefore, specific jurisdiction in this forum is improper under *Calder*'s effects test.

Under the second element, "expressly aim[ing]," the Tenth Circuit "focuses more on a defendant's intentions—where was the 'focal point' of its purposive efforts—where the latter requirement concentrates on the consequences of the defendant's actions—where was the alleged harm actually felt by the plaintiff." *Id.* at 1075. "Although 'some courts have held that the expressly aimed portion of Calder is satisfied when the defendant individually targets a known forum resident,'" the Tenth Circuit has" 'taken a somewhat more restrictive approach, holding that the forum state itself must be the focal point of the tort.'" *Id.* at 1074, n. 9 (*citing Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1080 (10th Cir. 1995), and *Remick v. Manfredy*, 238 F.3d 248, 259-

60 (3d Cir. 2001)). In other words, ARG must show that the allegedly infringing activities were directed at Utah, not merely that ARG is a resident of Utah. As discussed above, the facts fail to support or establish that the alleged torts were directed at Utah.

Under the third element, the Tenth Circuit has held that non-residents do not know that a plaintiff would incur injuries in the forum state simply because that is where plaintiff is. *See Grynberg v. Ivanhoe Energy, Inc.*, 490 Fed. Appx. 86, 98-99 (10th Cir. 2012) (unpublished). Even if Defendants knew ARG was incorporated in Utah, that would be insufficient under the third element of the *Calder* effects test.

Accordingly, ARG does not allege any actions—because there are none—by Defendants in the State of Utah that give rise to its claims. Moreover, ARG cannot show that Defendants' actions taken outside of Utah were purposefully directed at the state. Therefore, specific jurisdiction cannot be established over Defendants.

### D. Exercising jurisdiction would violate traditional notions of fair play and substantial justice.

Even if ARG could demonstrate minimum contacts between Defendants and Utah, the exercise of personal jurisdiction over Defendants would still be improper because it would offend traditional notions of fair play and substantial justice. In making this determination, the Court should consider: "(1) the burden on the defendant, (2) the forum state's interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental substantive social policies." *OMI Holdings, Inc.*, 149 F.3d at 1095.

For the first factor, "the burden on the defendant of litigating the case in a foreign forum is of primary concern in determining the reasonableness of personal jurisdiction." *Id.* As discussed above and in the declaration of Mr. Davachi, Defendants have limited contacts with Utah, and no acts that could potentially support the claims occurred in Utah. Rather, all potentially relevant acts took place in Maryland, where Defendants reside. Davachi Decl. at ¶ 8. To litigate this case in Utah, Defendants will incur substantial additional legal costs and travel costs, including appearing in this Court for trial. Davachi Decl. at ¶ 17. As a result, this factor, a primary concern, weighs heavily in favor of this Court declining to exercise jurisdiction over defendants.

As for the second factor, ARG purports to assert a federal trademark infringement cause of action, a federal unfair competition cause of action, and a generic common law unfair competition claim. *See* Complaint at 33-37. These claims are of no more interest to a Utah federal court than any federal court which properly has jurisdiction over Defendants.

In light of these circumstances, it would be unreasonable for Utah to assert personal jurisdiction in this matter. Utah has no connection to this dispute, and it would be improper for it to assert jurisdiction.

### III. CONCLUSION

For these reasons, Defendants respectfully request that this Court dismiss this lawsuit for lack of personal jurisdiction under Federal Rules of Civil Procedure 12(b)(2).

DATED: April 8, 2021

                                                      KIMBALL ANDERSON

                                                     */s/ William O. Kimball*
                                                     William O. Kimball
                                                     William B. Chadwick
                                                     *Attorneys for Defendants*
                                                     *Rez Candles Inc. and Reza Davachi*

## CERTIFICATE OF SERVICE

I certify that on April 8, 2021, I filed the foregoing **DEFENDANTS' JOINT MOTION TO DISMISS UNDER FRCP 12(b)(2) FOR LACK OF PERSONAL JURISDICTION** using the Court's CMECF system which will serve notice to all counsel of record.

*/s/ Stephanie Hamilton*
Paralegal
