Monica S. Call (#11361)
monica.call@stoel.com
STOEL RIVES LLP
201 South Main Street, Suite 1100
Salt Lake City, UT 84111-4904
Telephone: (801) 328-3131
Facsimile: (801) 578-6999

Martha Brewer Motley (*pro hac vice application forthcoming)*
mbmotley@vorys.com
VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH 43215
(614) 464-5626

*Attorney for Plaintiff Allergy Research Group LLC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

ALLERGY RESEARCH GROUP, a Delaware limited liability company,

Plaintiff,

v.

REZ CANDLES, a Delaware corporation; REZA DAVACHI, an individual; and JOHN DOES 1-10,

Defendants.

**PLAINTIFF ALLERGY RESEARCH GROUP LLC'S MEMORANDUM IN OPPOSITION TO DEFENDANTS REZ CANDLES INC. AND REZA DAVACHI'S JOINT MOTION TO DISMISS UNDER FRCP 12(b)(2) FOR LACK OF PERSONAL JURISDICTION**

Case No: 2:21-cv-00073

District Judge: Dale A. Kimball

## I. INTRODUCTION

The Court should deny the Joint Motion to Dismiss for Lack of Personal Jurisdiction of Defendants Rez Candles Inc. and Reza Davachi. Plaintiff Allergy Research Group LLC ("ARG") agrees that there is no *general* personal jurisdiction over either Defendant. However, the Court has *specific* personal jurisdiction over both Defendants because they purposefully directed their tortious conduct into Utah by selling products that infringe on ARG's trademarks into Utah with knowledge that ARG is located, and would be harmed, in Utah. It is well-established that courts have personal jurisdiction over businesses that sell infringing products online into the forum state knowing that the trademark holder is located there. Indeed, another district court in this circuit recently found personal jurisdiction against an online seller of infringing products on very similar facts. *See Otter Prods., LLC v. Big Birds, LLC*, 2019S. Dist. LEXIS 168068, at *2-5 (D. Colo. Aug. 9, 2019) (finding personal jurisdiction over Amazon seller). Consistent with established precedent, this Court should deny Defendants' motion.

## II. FACTUAL BACKGROUND

Plaintiff ARG is a limited liability company with its principal place of business in Utah. Compl. ¶ 1. ARG has a publicly accessible website, which identifies its principal place of business as 2300 South Main Street, South Salt Lake, UT 84115. *See* https://www.allergyresearchgroup.com/contact-us. ARG has been

a leading developer of nutritional and dietary supplements for over forty years. Compl. ¶ 12. ARG's products are protected by numerous trademarks with the United States Patent and Trademark Office. *See id.* ¶ 25 (listing trademarks). These trademarks have substantial value and ARG goes to great lengths to protect them, including limiting its distribution to authorized distributors who are required to follow ARG's quality controls and be accountable to ARG for quality issues. *See id.* ¶¶ 20-24.

In this lawsuit, ARG alleges that Defendants sell products online that infringe on ARG's trademarks. In particular, Defendants sell their infringing products through a third-party storefront on Amazon.com called "River of Human Health" and their own website called "Oasis of Health." Compl. ¶¶ 4-5. Defendants were previous customers of ARG that were not approved for online sales of ARG product, and were told that in July 2020. Compl. at ¶ 103. Defendants make substantial and regular sales of infringing products into Utah and to Utah residents through these channels. *Id.* ¶ 10. Defendants' sales are infringing and harm ARG's trademarks because the products Defendants sell do not include the same benefits as genuine ARG products, and do not follow, but rather interfere with, ARG's quality controls. *See id.* ¶¶ 120-27. Indeed, several reputable ARG distributors have blocked Defendants from acquiring products for resale due to Defendants' quality control policy violations, and Defendants attempted to circumvent these blocks by

registering accounts with false names. *See id.* ¶¶ 104-05.

After discovering Defendants' unlawful sales of infringing products, ARG sent Defendants ***at least four*** communications between July 2020 and January 2021, which informed Defendants, inter alia, that they were not permitted to sell ARG products on the Internet, that ARG was located in Utah, and that Defendants' infringing sales harmed ARG in Utah. Compl. ¶¶ 109-16. Defendants did not cease their sales in response to any of these communications. *Id.* ¶ 17. Thereafter, ARG brought the current lawsuit against Defendants, alleging trademark infringement and unfair competition under the Lanham Act, trademark infringement and tortious interference under Utah common law, and deceptive trade practices and unfair competition under Utah Code Ann. §§ 13-5a-102 and 13-11a-3. Defendants now move to dismiss ARG's Complaint, solely on the basis of lack of personal jurisdiction, while admitting that they sell products on Amazon, a nationwide platform, and do "not restrict which states can purchase products from its websites," ECF 15 at 2. Defendants' sales remain substantial. Indeed, as of the date of filing, Defendants' Amazon site alone continues to list over 440 different products bearing the ARG trademarks for sale.[1]

---

[1] Defendants' Amazon storefront is available here: https://www.amazon.com/sp?_encoding=UTF8&asin=&isAmazonFulfilled=&isCBA=&marketplaceID=ATVPDKIKX0DER&orderID=&protocol=current&seller=A35CSG8GBUTFQU&sshmPath=. A screen print of the storefront is attached for the Court's convenience as Ex. 1. Defendants' current ARG listings are available here: https://www.amazon.com/s?i=merchant-items&me=A35CSG8GBUTFQU&rh=p_4%3AAllergy+Research+Group. A screen print

## III. ARGUMENT

The Court has personal jurisdiction over both Defendants. Because "there has been no evidentiary hearing, and the motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written material, the plaintiff need only make a prima facie showing that jurisdiction exists." *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995). "The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits." *Id.*

While there are two types of personal jurisdiction (general and specific), the Court's personal jurisdiction over Defendants in this case is based on specific jurisdiction only. "Specific jurisdiction . . . allows a court to exercise jurisdiction over an out-of-state defendant only for claims related to the defendant's contacts with the forum State." *XMission, L.C. v. Fluent LLC*, 955 F.3d 833, 840 (10th Cir. 2020). "Specific jurisdiction is proper if (1) the out-of-state defendant 'purposefully directed' its activities at residents of the forum state, and (2) the plaintiff's alleged injuries 'arise out of or relate to those activities.'" *Id.* If those two factors are met, "the defendant can defeat jurisdiction by presenting a 'compelling case that the presence of some other considerations would render jurisdiction unreasonable.'" *Id.*

---

showing just the total number and first page of ARG products offered by Defendants on the storefront is attached as Ex. 2. The Court can take judicial notice of these websites. *See O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1225 (10th Cir. 2007) ("It is not uncommon for courts to take judicial notice of factual information found on the world wide web.")

at 840.

The Court has specific personal jurisdiction over both Defendants because they purposefully directed sales of infringing ARG products into Utah, ARG's claims arise out of and relate to Defendants' sales of infringing ARG products into Utah, and Defendants have not presented a compelling case showing that personal jurisdiction would be unreasonable.

**A. Defendants purposefully directed their infringing sales into Utah.**

In this case, Defendants purposefully directed the sale of infringing products into Utah. Defendants' purposeful direction is shown by three main factors: (1) their use of websites to sell infringing products into Utah; (2) their operation of a nationwide commercial-scale business in which they regularly sold infringing products into Utah; and (3) their knowledge that ARG was based in Utah and would suffer the harm of their trademark infringement in Utah.

***First***, Defendants purposefully directed their infringing sales to Utah because their website and Amazon storefront were designed to reach consumers in Utah (as well as other states). Defendants sold the products on websites in English, priced in U.S. dollars, and offered shipping to Utah. They have admitted that they took no measures to prevent or discourage Utah consumers from purchasing products on their websites and have, in fact, admitted at least "minimal" sales into Utah. ECF 15 at 2. Courts routinely find personal jurisdiction in the trademark holder's home

state over online sellers who sell infringing products into the trademark holder's home state, even if those sellers sell online to other states as well. *See Otter Prods.*, 2019 U.S. Dist. LEXIS 168068, at *2-5.[2] Simply put, "[s]ellers cannot expect to avail themselves of the benefits of the internet-created world market that they purposefully exploit and profit from without accepting the concomitant legal responsibilities that such an expanded market may bring with it." *A.L. Enters. v. Sebron*, 2008 U.S. Dist. LEXIS 70177, at *6 (D. Utah. Sept. 17, 2008) (quoting *Dedvukaj v. Maloney*, 447 F. Supp. 2d 813, 820 (E.D. Mich. 2006) and finding personal jurisdiction over online seller).

***Second***, Defendants operate a substantial nationwide business selling a large volume of products online. Courts consistently find personal jurisdiction over such nationwide commercial online sellers. *See Boschetto v. Hansing*, 539 F.3d 1011,

[2] *See, e.g.*, *Gen. Nutrition Inv. Co. v. Ingrounds Pro, Inc.*, 2020 U.S. Dist. LEXIS 60766, at *6 (W.D. Pa. Apr. 7, 2020) ("In the present case, Ingrounds has utilized Amazon.com and its vast infrastructure to sell and ship non-genuine GNC products nationwide, and has further used Amazon to sell and ship such products to this Commonwealth. Accordingly, Ingrounds has purposefully directed activities at this Commonwealth." (internal citations omitted)); *Std. Process, Inc. v. Antitrend LLC*, 2020 U.S. Dist. LEXIS 17386, at *15 (W.D. Wisc. Feb. 4, 2020) ("The first prong is satisfied because Standard Process alleges that Antitrend engaged in intentional and tortious conduct by selling items through Amazon that infringe Standard Process's trademarks."); *Popsockets, LLC v. Wilcox*, 2019 U.S. Dist. LEXIS 191375, at *13-14 (D. Colo. Nov. 4, 2019) ("a sale to the forum state, even to a plaintiff or its counsel, is sufficient to establish personal jurisdiction"); *Herbalife Int'l of Am., Inc. v. Healthy1 Inc.*, 2019 U.S. Dist. LEXIS 113805, at *8-9 (C.D. Cal. July 8, 2019) (Defendant subject to personal jurisdiction in California for "selling infringing products . . . to consumers in California through their storefronts on Amazon and eBay with the knowledge that Plaintiffs are located in California and Plaintiffs are harmed in California as a result of Defendants' sales").

1019 (9th Cir. 2008) (finding personal jurisdiction where defendant uses website "as a means for establishing regular business with a remote forum").[3] "[P]ersonal jurisdiction is proper for a highly commercial site even when there is only minimal or no evidence of actual sales into the forum. Advertising and attempting to sale products through an online store to residents of the forum constitutes purposeful availment." *A.L. Enters.*, 2008 U.S. Dist. LEXIS 70177, at *6.

In this case, Defendants are selling a large volume of infringing products. Compl. ¶ 58. In particular, as of the date of filing, they are offering over ***nine thousand*** products for sale on their Amazon storefront, including more than 440 products under ARG trademarks. *See supra* n.1. They are not an individual putting up a few spare items for auction on eBay. They have set up a corporation, Rez

[3] *See, e.g.*, *Otter Prods., LLC v. Wang*, 2019 U.S. Dist. LEXIS 52916, at *9 (D. Colo. Mar. 28, 2019) (finding personal jurisdiction in Colorado over seller who "purposefully availed himself of the privilege of doing business in Colorado through significant and regular sales of infringing products bearing the Otter Trademarks to Colorado with the knowledge that Plaintiffs are located in Colorado and will be harmed in Colorado."); *Leach v. Pharmedoc Inc.*, 2017 U.S. Dist. LEXIS 33565, at *5 (W.D. Okla. Mar. 9, 2017) ("courts, when faced with the use of Amazon to transact business, have focused on the extent to which the website is used as a means for establishing regular business with a remote forum and have found jurisdiction is proper when a sophisticated seller operates a commercial business through Amazon"); *Telebrands Corp. v. Mopnado*, 2016 U.S. Dist. LEXIS 10671, at *23 (D.N.J. Jan. 12, 2016) (finding personal jurisdiction over an Amazon seller who had sold 626 units of infringing products into the forum state); *EnviroCare Techs., LLC v. Simanovsky*, 2012 U.S. Dist. LEXIS 78088, at *13-14 (E.D.N.Y. June 4, 2012) ("jurisdiction is proper when a sophisticated seller operates a commercial business through eBay or Amazon"); *Dedvukaj v. Maloney*, 447 F. Supp. 2d 813, 822-23 (E.D. Mich. 2006) (finding personal jurisdiction where "Defendants' use of eBay is regular and systemic"); *see also Illinois v. Hemi Group LLC*, 622 F.3d 754, 760 (7th Cir. 2010) (personal jurisdiction was proper over defendant that "set up an expansive, sophisticated commercial venture online" and "held itself out to conduct business nationwide and was apparently successful in reaching customers across the country").

Candles Inc., through which they purportedly do business. *Id.* ¶ 2.[4] Defendant Davachi himself is a sophisticated online seller, having previously pleaded guilty for selling hundreds of thousands of dollars of unauthorized and counterfeit software on eBay. *Id.* ¶ 106. Defendants had previously acquired ARG products for resale from several reputable distributors, but had been blocked from such purchases for violating those distributors' policies. *Id.* ¶ 104. After being blocked, Defendant Davachi subsequently created false names on accounts with those distributors to conceal his identity and prevent enforcement of ARG's quality control policies. *Id.* ¶ 105. Defendants now appear to be reselling a high volume of infringing ARG-branded products acquired from unknown sources online. *Id.* ¶ 107. Given the extent of Defendants' online business operations, Defendants likely regularly sell infringing products into Utah and should expect to be haled into court in Utah for litigation resulting from those sales.[5]

[4] Defendants argue that the Court lacks general personal jurisdiction over Mr. Davachi because he is "wholly distinct from Rez Candles," but do not make this argument in the context of ***specific*** jurisdiction. Mot. at 6-8. Regardless of which party ultimately prevails on the veil-piercing argument, specific jurisdiction over Mr. Davachi is appropriate in this case because ARG has alleged that Mr. Davachi is personally liable for infringing activities even without respect to piercing the corporate veil because he directed, controlled, ratified, and participated in the alleged infringement. *See* Compl. ¶ 138. This allegation is not conclusory because ARG has alleged several facts supporting it, including that: Davachi is the owner, operator, and registered agent for Rez Candles, *id.* ¶ 3; that Davachi was a customer of ARG distributors and used false names to conceal his identity, *id.* ¶¶ 104-05; and that Davachi had previously sold infringing products on eBay, *id.* ¶ 106.

[5] Defendants have submitted a declaration in which they claim that their "sales to Utah over the past few years have been minimal." ECF 15-1 at ¶ 10. However, Defendants' declaration does not quantify or otherwise describe these "minimal" sales, so these vague factual assertions are at

***Third***, Defendants knew that ARG was based in Utah and would be harmed in Utah when they infringed its trademarks. Defendants argue that all of their relevant acts took place in Maryland and that the only connection with Utah "is the random and fortuitous fact that ARG is incorporated here." ECF 9 at 8. Initially, Defendants' claim is wrong on the facts—ARG is incorporated in Delaware but has its principal place of business in Utah and holds itself out to the public as a company based in Utah. *See* Compl. ¶ 1.

But more fundamentally, the fact that ARG is located in Utah is not merely random or fortuitous. The plaintiff's location in the forum state is relevant to the personal jurisdiction analysis if the defendant knows it is harming the plaintiff in the forum state but nevertheless continues its tortious conduct. For example, in *Calder v. Jones*, 465 U.S. 783, 789-90 (1984), the Supreme Court held that a California court had personal jurisdiction over Florida defendants who had written in Florida an allegedly defamatory article about a California resident that was published nationwide. As the Supreme Court explained, personal jurisdiction was appropriate because the defendants "knew that the brunt of that injury would be felt by the respondent in the State in which she lives and works." *Id.* Therefore, a plaintiff

most grounds for jurisdictional discovery, not dismissal. Moreover, "evidence of actual sales into the forum" is not required for personal jurisdiction because Defendants are operating a nationwide commercial enterprise offering infringing products for sale into Utah. *A.L. Enters.*, 2008 U.S. Dist. LEXIS 70177, at *6.

"injured in California need not go to Florida to seek redress from persons who, though remaining in Florida, knowingly cause the injury in California." *Id.* The Tenth Circuit reached the same conclusion in the case Defendants rely on, *Dudnikov v. Chalk & Vermillion Fine Arts*, 514 F.3d 1063 (10th Cir. 2008), and held that a Colorado court had jurisdiction over defendants who had a plaintiff's auction improperly removed from the Internet using a Notice of Claimed Infringement (NOCI) because "defendants knew plaintiffs' business and auction were based in Colorado, and therefore knew the effects of the NOCI would be felt there." *Id.* at 1077.

Here, the Defendants knew that ARG was located in Utah and would be harmed in Utah when they decided to infringe its trademarks. Defendants are former customers of ARG directly. Compl. ¶ 103. Moreover, ARG has a public website that lists its address in South Salt Lake, Utah, *see* https://www.allergyresearchgroup.com/contact-us. At the very latest, Defendants knew that ARG was located in Utah when they received multiple cease-and-desist letters informing them of that fact. ARG did not covertly move its operations to Utah during the Defendants' infringement. Despite their knowledge, Defendants chose to continue selling infringing products nationwide, including into Utah. Accordingly, ARG's presence in Utah is not merely random or fortuitous to Defendants, and the first element for specific jurisdiction is met.

**B. ARG's claims arise out of and relate to Defendants' infringing sales.**

The second element of specific jurisdiction is that "the plaintiff's injuries 'arise out of or relate to" defendants' activities. *XMission*, 955 F.3d at 840. As the Supreme Court recently clarified, this test does not require "a strict causal relationship between the defendant's in-state activity," but only a sufficient relationship between the plaintiff's injuries and the defendant's activities. *Ford Motor Co. v. Mont. Eighth Judicial Dist. Court*, 141 S. Ct. 1017 (2021) (holding that a state had personal jurisdiction in product liability action over a car manufacturer that advertised and sold the type of car at issue in the forum state even though the specific cars involved in the lawsuit were sold in other states).

In this case, ARG's claims arise from Defendants' sales of infringing products, which were purposefully directed to Utah as explained above. As in *Ford*, personal jurisdiction does not require that each specific unit of infringing product be sold into Utah. Defendants do not address this element. Accordingly, this element is met.

**C. Specific jurisdiction over Defendants is not unreasonable.**

Finally, the third element is met because Defendants have not presented a compelling case that the exercise of specific jurisdiction would be unreasonable. In determining whether Defendants have made this required showing, the Court considers five factors: "(1) the burden on the defendant, (2) the forum State's interest

in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental social policies." *XMission*, 955 F.3d at 840; *see* Defs.' Mot. (ECF 15) at 11 (same). In this case, Defendants recite this test yet address only the first two factors and ignore the remaining three. ECF 15 at 11-12. All five factors weigh in favor of finding jurisdiction.

***First***, litigating in Utah would not be unduly burdensome to Defendants. Defendants argue that they "will incur substantial additional legal costs and travel costs, including appearing in this Court for trial." ECF 15 at 12. However, Defendants do not explain why litigating in Utah would create additional legal costs compared to litigating in another state. They have already retained counsel in Utah. Defendants also do not explain why litigating in Utah would create higher travel costs. The Court can manage this litigation to minimize in-person travel required from Defendants themselves. Furthermore, ARG's witnesses who can testify regarding its trademarks and quality control policies would largely be located in Utah, so litigation outside of Utah would involve travel costs for them. Defendants' unsupported assertion of higher costs does not defeat personal jurisdiction. *See Otter Prods.*, 2019 U.S. Dist. LEXIS 168068, at *5 (finding personal jurisdiction in Colorado over Internet seller defendants when defendants "argue only perfunctorily

that it is a significant burden on them to litigate in Colorado").

***Second***, Utah has an interest in resolving this dispute because ARG is a Utah company, and Utah "has an important interest in providing a forum in which [its] residents can seek redress for injuries caused by out-of-state actors." *Ast Sports Sci., Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1062 (10th Cir. 2008) ("This factor clearly favors Colorado's exercise of jurisdiction" when the plaintiff "is a Colorado company with its principal place of business in Colorado").[6] Utah also has an interest in ensuring that consumers in Utah do not receive infringing, poor-quality products when they purchase ARG products online. *See Otter Prods. v. Cloudseller, LLC*, 2019 U.S. Dist. LEXIS 224515, at *14 (D. Colo. Dec. 3, 2019).

Defendants argue that Utah has no unique interest in this case because ARG asserts federal and "generic common law" claims. ECF 15 at 12. However, this is factually incorrect. ARG asserts two Utah statutory claims. *See* Compl., Fourth and Fifth Causes of Action. Moreover, ARG's Utah common law claims are not generic, as states can have different laws regarding common law trademark infringement and

[6] *See, e.g.*, *Otter Prods. v. Cloudseller, LLC*, 2019 U.S. Dist. LEXIS 224515, at *14 (D. Colo. Dec. 3, 2019) ("Colorado has an interest in resolving the dispute because of the sales to consumers in Colorado and the alleged infringement of trademarks owned by a Colorado business."); *Telebrands*, 2016 U.S. Dist. LEXIS 10671, at *23 (finding personal jurisdiction over Amazon seller in New Jersey because "Plaintiff is both incorporated and headquartered in that State"); *Valtech, LLC v. 18th Ave. Toys Ltd.*, 2015 U.S. Dist. LEXIS 17138, at *13-15 (N.D. Ill. Feb. 12, 2015) (finding personal jurisdiction in Illinois over New York-based Amazon seller because "much of what [plaintiff] seeks in terms of relief aligns with Illinois' ability to provide a forum which its residents (i.e. businesses) can protect their intellectual property rights").

tortious interference.  Additionally, ARG's tortious interference claim alleges that Defendants interfered with the contracts ARG has with its authorized sellers and the underlying contracts for that claim would be governed by Utah law given ARG's base in Utah.  *See id.* ¶ 128-29.  These claims and issues of Utah statutory and common law claims further weigh in favor of jurisdiction.  *See Ast Sports*, 514 F.3d at 1062 ("The state's interest is also implicated where resolution of the dispute requires a general application of the forum state's law.").

***Third***, ARG has an interest in obtaining convenient and effective relief in this Court.  ARG's principal place of business is in Utah, and the witnesses and evidence relating to ARG's trademarks, quality controls, and brand protection programs are in Utah.  It is primarily harmed by Defendants' infringement in Utah.  Defendants do not address this factor.

***Fourth***, personal jurisdiction in Utah would be most efficient.  In assessing this factor, courts "look at the 'location of the witnesses, where the wrong underlying the lawsuit occurred, what forum's substantive law governs the case, and whether jurisdiction is necessary to prevent piecemeal litigation.'"  *Ast Sports*, 514 F.3d at 1062.  These factors support the exercise of jurisdiction in Utah.  ARG's witnesses are located in Utah, Defendants infringed on ARG's trademarks in Utah, Utah law governs the state law claims in this case, and maintaining this litigation in Utah would avoid the costs and duplication of re-filing this lawsuit in another forum.

Defendants also do not address this factor.

***Finally***, personal jurisdiction in Utah would further the states' interest in advancing social policies, in particular the protection of trademarks. Defendants have not articulated any way in which this litigation could contradict the laws or interests of some other state. *See Fabara v. Gofit, LLC*, 308 F.R.D. 380, 409 (D.N.M. 2015) (factor supported personal jurisdiction when "parties have not argued that the exercise of personal jurisdiction in New Mexico would negatively affect the social policy interests of any other state"). Therefore, this factor supports jurisdiction too.

Because these reasonableness factors all weigh in favor of jurisdiction, Defendants have not made a compelling case that the exercise of personal jurisdiction would be unreasonable. Jurisdiction is therefore proper.

## IV.   CONCLUSION

Defendants purposefully directed their tortious activities to Utah by selling infringing ARG products online as part of a sophisticated nationwide business, and have not shown that it would be unreasonable for the Court to exercise jurisdiction. The Court should deny Defendants' motion to dismiss in its entirety.

Respectfully submitted,

Dated: April 22, 2021

By: */s/ Monica S. Call*____________
Monica S. Call
STOEL RIVES LLP

Martha Brewer Motley (*pro hac vice application forthcoming)*
VORYS, SATER, SEYMOUR AND PEASE LLP

*Attorneys for Plaintiff Allergy Research Group, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 22, 2021, a copy of the foregoing was served via CM/ECF on the following attorneys for Defendants Rez Candles and Reza Davachi as follows:

William O. Kimball
William B. Chadwick

*Attorneys for Defendants*

*/s/ Stacy A. Kamaya*___________
Stacy A. Kamaya