William O. Kimball (9460)
William B. Chadwick (16416)
KIMBALL ANDERSON
649 E. South Temple, 2nd Floor
Salt Lake City, Utah 84102
(801) 359-3333
bill@kimballanderson.com
will@kimballanderson.com

*Attorneys for Defendant Rez Candles Inc.*

---

## UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| ALLERGY RESEARCH GROUP LLC, a Delaware limited liability company, | **DEFENDANT REZ CANDLES INC.'S ANSWER AND COUNTERCLAIMS** |
| Plaintiff, | |
| v. | Case No. 2:21-cv-00073 |
| REZ CANDLES INC., a Delaware corporation, and JOHN DOES 1-10, | Judge Tena Campbell |
| Defendants. | |

Defendants Rez Candles, Inc. ("Defendant") through its undersigned counsel of record, hereby answers Plaintiff's Complaint ("Complaint") and states as follows:

### PARTIES, JURISDICTION, AND VENUE

1.  Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 1 and therefore denies them.

2.  Admit.

3.  Admit.

4.      Deny.

5.      Deny.

6.      Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 6 and therefore denies them.

## JURISDICTION

7.      Deny.

8.      Deny.

9.      Deny.

10.     Deny.

## VENUE

11.     Deny.

## FACTUAL ALLEGATIONS

12.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 12 and therefore denies them.

13.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 13 and therefore denies them.

14.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 14 and therefore denies them.

15.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 15 and therefore denies them.

16.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 16 and therefore denies them.

17.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 17 and therefore denies them.

18.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 18 and therefore denies them.

19.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 19 and therefore denies them.

20.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 20 and therefore denies them.

21.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 21 and therefore denies them.

22.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 22 and therefore denies them.

23.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 23 and therefore denies them.

24.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 24 and therefore denies them.

25.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 25 and therefore denies them.

26.     Deny.

27.     Deny.

28.     Deny.

29.     Deny.

30.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 30 and therefore denies them.

31.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 31 and therefore denies them.

32.    Deny.

33.    Deny.

34.    Deny.

35.    Deny.

36.    Deny.

37.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 37 and therefore denies them.

38.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 38 and therefore denies them.

39.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 39 and therefore denies them.

40.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 40 and therefore denies them.

41.    Deny.

42.    Deny.

43.    Deny.

44.    Deny.

45.    Deny.

46.     Deny.

47.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 47 and therefore denies them.

48.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 48 and therefore denies them.

49.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 49 and therefore denies them.

50.     Deny.

51.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 51 and therefore denies them.

52.     Deny.

53.     Deny.

54.     Deny.

55.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 55 and therefore denies them.

56.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 56 and therefore denies them.

57.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 57 and therefore denies them.

58.     Deny.

59.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 59 and therefore denies them.

60.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 60 and therefore denies them.

61.     Deny.

62.     Deny.

63.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 63 and therefore denies them.

64.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 64 and therefore denies them.

65.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 65 and therefore denies them.

66.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 66 and therefore denies them.

67.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 67 and therefore denies them.

68.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 68 and therefore denies them.

69.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 69 and therefore denies them.

70.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 70 and therefore denies them.

71.     Deny.

72.     Deny.

73.     Deny.

74.     Deny.

75.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 75 and therefore denies them.

76.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 76 and therefore denies them.

77.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 77 and therefore denies them.

78.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 78 and therefore denies them.

79.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 79 and therefore denies them.

80.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 80 and therefore denies them.

81.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 81 and therefore denies them.

82.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 82 and therefore denies them.

83.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 83 and therefore denies them.

84.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 84 and therefore denies them.

85.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 85 and therefore denies them.

86.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 86 and therefore denies them.

87.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 87 and therefore denies them.

88.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 88 and therefore denies them.

89.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 89 and therefore denies them.

90.     Deny.

91.     Deny.

92.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 92 and therefore denies them.

93.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 93 and therefore denies them.

94.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 94 and therefore denies them.

95.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 95 and therefore denies them.

96.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 96 and therefore denies them.

97.    Deny.

98.    Deny.

99.    Deny.

100.    Deny that the products bearing there were products bearing the ARG Registered Trademarks being "illegally sold on the Amazon storefront." Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 100 and therefore denies them.

101.    Deny.

102.    Deny.

103.    Deny.

104.    Deny.

105.    Deny.

106.    Deny.

107.    Deny.

108.    Deny.

109.    Deny.

110.    Deny.

111.    Deny.

112.    Deny.

113.    Deny.

114.    Deny.

115.    Deny.

116. Deny.

117. Deny.

118. Deny.

119. Deny.

120. Deny.

121. Deny.

122. Deny.

123. Deny.

124. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 124 and therefore denies them.

125. Deny.

126. Deny.

127. Deny.

128. Deny.

129. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 129 and therefore denies them.

130. Deny.

131. Deny.

132. Deny.

133. Deny.

134. Deny.

135. Deny.

136.   Deny.

137.   Deny.

138.   Deny.

139.   Deny.

140.   Deny.

141.   Deny.

142.   Deny.

143.   Deny.

144.   Deny.

145.   Deny.

146.   Deny.

147.   Deny.

**<u>FIRST CAUSE OF ACTION</u>**
**Trademark Infringement**
**15 U.S.C. §§ 1114 and 1125(a)(1)(A)**

148.   Defendant realleges and incorporates by reference each of the allegations of this

Answer as stated above.

149.   Deny.

150.   Deny.

151.   Deny.

152.   Deny.

153.   Deny.

154.   Deny.

155.   Deny.

156.   Deny.

157.   Deny.

158.   Deny.

159.   Deny.

160.   Deny.

161.   Deny.

162.   Deny.

## SECOND CAUSE OF ACTION
### Unfair Competition
### 15 U.S.C. § 1125(a)

163.   Defendant realleges and incorporates by reference each of the allegations of this Answer as stated above.

164.   Deny.

165.   Deny.

166.   Deny.

167.   Deny.

168.   Deny.

## THIRD CAUSE OF ACTION
### Common Law Unfair Competition

169.   Defendant realleges and incorporates by reference each of the allegations of this Answer as stated above.

170.   Deny.

171.   Deny.

172.    Deny.

173.    Deny.

174.    Deny.

175.    Deny.

176.    Deny.

177.    Deny.

178.    Deny.

**FOURTH CAUSE OF ACTION**
**Deceptive Trade Practices**
**Utah Code Ann. § 13-11a-3**

179.    Defendant realleges and incorporates by reference each of the allegations of this

Answer as stated above.

180.    Deny.

181.    Deny.

182.    Deny.

183.    Deny.

184.    Deny.

185.    Deny.

186.    Deny.

187.    Deny.

188.    Deny.

189.    Deny.

190.    Deny.

191.    Deny.

192.    Deny.

193.    Deny.

194.    Deny.

195.    Deny.

196.    Deny.

197.    Deny.

198.    Deny.

199.    Deny.

200.    Deny.

**FIFTH CAUSE OF ACTION**
**Unfair Competition**
**Utah Code Ann. § 13-5a-102**

201.    Defendant realleges and incorporates by reference each of the allegations of this

Answer as stated above.

202.    Deny.

203.    Deny.

204.    Deny.

205.    Deny.

206.    Deny.

207.    Deny.

208.    Deny.

209.    Deny.

210.  Deny.

211.  Deny.

212.  Deny.

213.  Deny.

214.  Deny.

215.  Deny.

216.  Deny.

217.  Deny.

218.  Deny.

219.  Deny.

220.  Deny.

221.  Deny.

222.  Deny.

223.  Deny.

224.  Deny.

**SIXTH CAUSE OF ACTION**
**Tortious Interference with Contractual Relations**

225.  Defendant realleges and incorporates by reference each of the allegations of this

Answer as stated above.

226.  Deny.

227.  Deny.

228.  Deny.

229.  Deny.

230.    Deny.

231.    Deny.

232.    Deny.

233.    Deny.

234.    Deny.

235.    Deny.

236.    Deny.

## PRAYER FOR RELIEF

Defendant denies every allegation and demand in the prayer for relief.

## GENERAL DENIAL

Defendant denies every allegation set forth in Plaintiff's Complaint, including those made in headings and subheadings, unless expressly admitted herein.

## AFFIRMATIVE DEFENSES

Defendant incorporates by reference the foregoing paragraphs in their entirety and asserts the following Affirmative Defenses to the claims set forth in the Complaint without assuming the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff. Nothing stated herein is intended or shall be construed as an admission that any particular issue or subject matter is relevant to the allegations in the Complaint. Plaintiff reserves the right to amend or supplement its affirmative defenses as additional facts concerning defenses become known.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1.    Complaint fails to allege facts upon which relief can be granted.

16

**SECOND AFFIRMATIVE DEFENSE**
**(Waiver)**

2.      Plaintiff's claims are barred, in whole or in part, based on the equitable doctrine of waiver.

**THIRD AFFIRMATIVE DEFENSE**
**(Laches)**

3.      Plaintiff's claims are barred, in whole or in part, based on the equitable doctrine of laches.

**FOURTH AFFIRMATIVE DEFENSE**
**(Estoppel)**

4.      Plaintiff's claims are barred, in whole or in part, based on the equitable doctrine of estoppel.

**FIFTH AFFIRMATIVE DEFENSE**
**(Acquiescence)**

5.      Plaintiff's claims are barred, in whole or in part, based on the equitable doctrine of acquiescence.

**SIXTH AFFIRMATIVE DEFENSE**
**(Consent)**

6.      Plaintiff's claims are barred, in whole or in part, because it has consented to, authorized, and/or licensed Defendant to perform the acts alleged in the Complaint.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Unclean Hands)**

7.      Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

8.      Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitations.

## NINTH AFFIRMATIVE DEFENSE
### (Fair Use)

9.      Plaintiff's claims are barred, in whole or in part, because the allegations of Defendant's acts therein constitute fair use, nominative fair use, and or/ descriptive use.

## TENTH AFFIRMATIVE DEFENSE
### (First Sale Doctrine)

10.     Plaintiff's claims are barred, in whole or in part, by the first sale doctrine.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Innocent Infringement)

11.     Plaintiff's claims are barred, in whole or in part, because any alleged infringement by Defendant was innocent.

## TWELFTH AFFIRMATIVE DEFENSE
### (Marks Invalid and Unenforceable)

12.     Upon information and belief, the system put in place by Plaintiff to monitor and supervise the distribution and sale of merchandise branded with its asserted marks is so ineffectual that Plaintiff can no longer distinguish in the marketplace genuine goods branded with its asserted marks and counterfeit goods, so as to render the asserted marks asserted herein invalid and unenforceable.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Adequate Remedy at Law)

13.     The alleged injury or damage suffered by Plaintiff, if any, would adequately be compensated by damages. Accordingly, Plaintiff has a complete and adequate remedy at law and is not entitled to equitable relief.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

14.     Plaintiff's claims are barred, in whole or in part, because of failure to mitigate damages if such exist.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Good Faith)

15.     Plaintiff's claims are barred, in whole or in part, because Defendant acted in good faith.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (No Causation)

16.     Plaintiff's claims are barred, in whole or in part, because ARG's damages, if any, were not caused by Defendant.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (No Damage)

17.     Without admitting that the Complaint states a claim, there has been no damage in any amount, manner or at all by reason of any act alleged against Defendant in the Complaint, and the relief prayed for in the Complaint therefore cannot be granted.

WHEREFORE, having answered Plaintiff's Complaint, Defendant requests that Plaintiff's Complaint be dismissed with prejudice with no relief awarded to Plaintiff. Defendant further requests costs and attorney's fees, and such further relief as the Court deems proper.

## REZ CANDLES INC.'S COUNTERCLAIM

Defendant and Counterclaim-Plaintiff Rez Candles Inc. ("Rez Candles"), by and through its undersigned counsel of record, hereby counterclaims against Plaintiff and Counterclaim-Defendant Allergy Research Group ("ARG"), for Violation of Section 1 of the Sherman Act, Violation of Utah's Antitrust Act, and Tortious Interference with Rez Candle's Economic Relations.

## DESCRIPTION OF THE PARTIES

1.      Counterclaim-Plaintiff Rez Candles Inc is a corporation formed under the laws of Delaware with its principal place of business in Damascus, Maryland

2.      Counterclaim-Defendant Allergy Research Group is a Delaware limited liability company with its principal place of business in Salt Lake City, Utah.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338, and 28 U.S.C. § 1367.

4.      This Court has personal jurisdiction over ARG because their principal place of business is in Utah and the alleged actions in ARG Complaint took place in Utah.

5.      Venue is properly founded in this judicial district pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events giving rise to the claims herein occurred within this judicial district.

## GENERAL ALLEGATIONS

6.      The "Relevant Market" is the market for the sale (both first sale and resale) of non-prescription nutritional and dietary supplements within the United States.

7.      ARG has illegally acquired, maintained, and exercised power in the Relevant Market through anticompetitive acts. As a result, ARG has impaired rivals leading to the anticompetitive effects of lower output, higher prices, and fewer options for consumers. ARG's actions have also directly harmed Rez Candles, including interfering in its relationships, and inhibiting its revenues, exposure, and growth.

8.      ARG controls the supply and distribution of its products by restricting the sale of its products to only Authorized Sellers.

9.      Authorized Sellers must meet various minimum criteria and comply with ARG's "ARG Rules" which include an Authorized Reseller Policy.

10.     The ARG Rules require ARG's Authorized Sellers to sell only to end users or to ARG approved resellers.

11.     Rez Candles sells genuine ARG products that are not materially different from the first sale ARG products. Rez Candles has established and abides by legitimate quality control procedures for the storage and shipment of the ARG products. The products are sold with their original packaging and Rez Candles makes clear that it is a reseller of the goods.

12.     ARG has worked to prevent competitors like Rez Candles from succeeding in the marketplace by depriving them of access to first sale ARG products and preventing them from reselling ARG products.

13.     ARG's conduct was intended to maintain ARG's market power and otherwise enable ARG to continue to increase prices and reduce output of its nutritional and dietary supplements.

14.     ARG has taken direct and meaningful steps to interfere in Rez Candles' ability to buy and sell ARG products.

15.     For example, ARG has taken steps, including entering into contracts to prohibit its Authorized Sellers from selling products to resellers, such as Rez Candles. ARG has substantial leverage in these contractual relationships to coerce its Authorized Sellers into not selling products to Rez Candles.

16.     ARG has taken actions to shut down portions of Rez Candles' website and Amazon store front. These actions limit Rez Candles' ability to sell ARG goods as well as non-ARG products.

17.     ARG's repeated coercion of its Authorized Sellers to refuse to deal with Rez Candles constitutes anticompetitive agreements in restraint of trade without any procompetitive justifications. Even if there were, however, there are less restrictive means of achieving any purported procompetitive effects.

18.     Indeed, ARG's exclusionary conduct has had the intended effect of sustaining ARG's market power, impairing the growth and entry of resale competitors in the Relevant Market, and has resulted in tangible harm to Rez Candles and the consuming public.

19.     ARG's anticompetitive behavior has led to at least the following harm in the Relevant Market: (1) reduced supply of non-prescription nutritional and dietary supplements, (2) fewer options for consumers for where and how to purchase non-prescription nutritional and dietary supplements, (3) the limitation of innovation from the entry and growth of competitors, (4) supra-competitive prices for consumers for non-prescription nutritional and dietary supplements, and (5) increased market dominance by ARG.

20.     As a direct and proximate result of ARG's anticompetitive conduct, as alleged herein, Rez Candles obtained lower revenues than it would have obtained in a competitive market.

21.     Because of ARG's actions, Rez Candles has been: (1) deprived of the ability to re-sell ARG products, (2) deprived of the inventory that it had purchased, and (3) deprived of the ability to sell non-ARG nutritional and dietary supplements on Amazon storefront.

22.     The individual and collective impact of ARG's actions on Rez Candles' business has been substantial. Although Rez Candles been able to succeed and find a presence in the Relevant Market, its market position is a sliver of what it could and would be in a competitive market, and it has not been able to bring new, efficient, and desirable consumer innovations to its customers because of ARG's conduct.

23.     ARG engages in interstate commerce and in activities substantially affecting interstate commerce including through (1) nationwide marketing and promotional efforts for its products and (2) the distribution and sale of its products throughout the United States.

**FIRST CLAIM FOR RELIEF**
**Concerted Refusal to Deal – Group Boycott – Authorized Sellers**
**15 U.S.C. § 1**

24.     Rez Candles incorporates by reference all of the preceding and ensuing paragraphs as if fully alleged herein.

25.     ARG entered into agreements with its Authorized Sellers to refuse to sell ARG products to or otherwise deal with Rez Candles.

26.     These agreements and their enforcement substantially, unreasonably, and unduly restrain trade in the Relevant Market and harmed Rez Candles by, at a minimum, creating concerted refusals to deal, in which the parties refused to do business with Rez Candles despite

23

the fact that these agreements would have been economically advantageous for the Authorized Sellers and despite the fact that Rez Candles re-sells genuine goods.

27.     The agreements constitute unlawful vertical restraints of trade.

28.     The agreements with ARG's Authorized Sellers restrain a sufficiently substantial portion of effective distribution in the Relevant Market to the detriment of competition.

29.     The agreements with ARG's Authorized Sellers had at least the following effects:

a.     They deprive Rez Candles of important means of acquiring ARG products; and

b.     They deprive Rez Candles of the ability to re-sell genuine ARG products; and

c.     They deprive Rez Candles of the ability to build its reputation and brand in some of the most important retail and online marketplaces.

30.     ARG's agreements with its Authorized Sellers have created barriers to entry, limited the supply and variety of products available, inhibited the growth and development of competitors, and artificially raised and maintained the price paid by consumers in the Relevant Market.

31.     As a direct and proximate result of this continuing violation of Section 1 of the Sherman Act, Rez Candles has suffered injury and damages in the form of reduced revenues and lost profits in amounts to be proven at trial. Rez Candles also seeks injunctive and equitable relief to stop and correct ARG's wrongful conduct.

## SECOND CAUSE OF ACTION
**Illegal Anticompetitive Activities**
**Utah Code Ann. § 76-10-3101, *et seq.***

32.     Rez Candles incorporates by reference all of the preceding and ensuing paragraphs as if fully alleged herein.

33.     ARG entered into agreements with its Authorized Sellers to refuse to sell ARG products to or otherwise deal with Rez Candles.

34.     These agreements and their enforcement substantially, unreasonably, and unduly restrain trade in the Relevant Market and harmed Rez Candles in by, at a minimum, creating concerted refusals to deal, in which the parties refused to do business with Rez Candles despite the fact that these agreements would have been economically advantageous for the Authorized Sellers; and

35.     The agreements constitute unlawful vertical restraints of trade.

36.     The agreements with ARG's Authorized Sellers restrain a sufficiently substantial portion of effective distribution in the Relevant Market to the detriment of competition.

37.     The agreements with ARG's Authorized Sellers had at least the following effects:

a.      They deprive Rez Candles of important means of acquiring ARG products; and

b.      They deprive Rez Candles of the ability to re-sell ARG products; and

c.      They deprive Rez Candles of the ability to build its reputation and brand in some of the most important retail and online marketplaces.

38.     ARG's agreements with its Authorized Sellers have created barriers to entry, limited the supply and variety of products available, inhibited the growth and development of

competitors, and artificially raised and maintained the price paid by consumers in the Relevant

Market.

39.     As a direct and proximate result of this continuing violation of the Utah Antitrust

Act, Rez Candles has suffered injury and damages in the form of reduced revenues and lost profits

in amounts to be proven at trial. Rez Candles also seeks injunctive and equitable relief to stop and

correct ARG's wrongful conduct.

### **THIRD CAUSE OF ACTION**
### **Tortious Interference with Economic Relations**

40.     Rez Candles incorporates by reference all of the preceding and ensuing paragraphs

as if fully alleged herein.

41.     Rez Candles has contracts and business relationships with distributors who sell it

ARG products.

42.     Rez Candles also has consumers to whom it sells ARG products.

43.     ARG intentionally interfered with Rez Candles' existing and potential economic

relations by prohibiting its Authorized Resellers from selling ARG products to Rez Candles and

by shutting down or attempting to shut down Rez Candles website and Amazon store front.

44.     ARG interference was done through improper means, including improper

contractual provisions, abusive shutdown requests to Rez Candles website and Amazon store

front, and harassing litigation.

45.     These contracts require ARG's Authorized Sellers to sell ARG products to end-

user consumers through approved channels or resellers who meet certain requirements as dictated

by ARG.

46.     ARG's actions have injured Rez Candles for which Rez Candles is entitled to compensatory damages in an amount to be proven at trial.

47.     The injury to Rez Candles is immediate and irreparable, as Rez Candle's reputation and relationships have been damaged among both its consumers and suppliers.

48.     Rez Candles is also entitled to punitive damages because ARG acted with actual malice and accompanied by a wanton and willful disregard of persons who foreseeably might be harmed by their acts and omissions.

## PRAYER FOR RELIEF

WHEREFORE, Rez Candles, Inc. respectfully asks the Court for a judgment that:

a.      Awards Rez Candles treble the amount of damages actually sustained by reason of the antitrust violations alleged herein;

b.      Awards Rez Candles damages, penalties and other monetary relief provided by applicable law;

c.      Orders an injunction and/or such equitable relief as is necessary to correct for the anticompetitive market effects caused by ARG's unlawful conduct;

d.      Awards Rez Candles its cost of suit, including reasonable attorneys' fees and pre- and post-judgment interest; and

e.      Any other relief as the nature of the case may require or as this Court determines to be just, equitable, and proper.

## JURY DEMAND

Instead of making an additional jury demand pursuant to Fed. R. Civ. P. 38, Rez Candles hereby relies on the jury demand requested by Plaintiff.

DATED: September 23, 2021

KIMBALL ANDERSON

/s/ William O. Kimball
William O. Kimball
William B. Chadwick
*Attorneys for Defendant Rez Candles Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on September 23, 2021, I filed a true and correct copy of the foregoing

**DEFENDANT REZ CANDLES INC.'S ANSWER AND COUNTERCLAIMS** via CM/ECF

which will serve notice to all counsel of record.


/s/ Stephanie Hamilton
Paralegal