William O. Kimball (9460)
William B. Chadwick (16416)
KIMBALL ANDERSON
649 E. South Temple, 2nd Floor
Salt Lake City, Utah 84102
(801) 359-3333
bill@kimballanderson.com
will@kimballanderson.com

*Attorneys for Defendant Rez Candles Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| ALLERGY RESEARCH GROUP LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>REZ CANDLES INC., a Delaware corporation; and JOHN DOES 1-10,<br><br>Defendants. | **DEFENDANT'S MOTION FOR LEAVE TO AMEND**<br><br>Case No. 2:21-cv-00073-TC-JCB |

Defendant Rez Candles, Inc. ("Defendant"), pursuant to Fed. R. Civ. P. 7 and 15 and DUCivR 7-1(b), submit the following Motion for Leave to Amend.

## INTRODUCTION

Defendant moves the Court for leave to amend its Answer and Counterclaims to assert a single counterclaim against Plaintiff Allergy Research Group LLC ("ARG") for tortious interference with economic relations. Defendant's proposed amendment is a mere refinement of its prior Answer and Counterclaims to withdraw Defendant's first two counterclaims and provide additional support and detail for Defendant's third counterclaim. Specifically, ARG has sought to interfere with Defendant's present and potential economic relations through harassing litigation proceedings that are objectively baseless and merely intended to harm Defendant. Per DUCivR 15-1, a copy of the proposed amended Answer and Counterclaim is attached hereto as **Exhibit 1** and a redlined version of the proposed amended Answer and Counterclaim is attached hereto as **Exhibit 2**.

Leave to amend should be granted because this motion is timely, not unduly prejudicial, not made in bad faith or out of a dilatory motive, not futile, and fully corrects any deficiencies from the original Answer and Counterclaim. The Court has previously entered an order allowing this motion to be filed within the present timeframe, and this motion is therefore timely. Because the proposed amendment merely refines and buffers Defendant's original tortious interference claim, there is no prejudice to ARG. The other considerations for amendment are also met, and there is no good reason to deny this amendment at this time.

## FACTUAL BACKGROUND

1. Plaintiff commenced this action on February 3, 2021. *See* Dkt. 2.

2. Defendant filed its Answer and Counterclaims on September 23, 2021. *See* Dkt. 37.

3. Plaintiff filed a Motion to Dismiss Defendant's Counterclaims on October 14, 2021. *See* Dkt. 38.

4. Defendant filed its Opposition to Motion to Dismiss Counterclaims on November 11, 2021. *See* Dkt. 45.

5. Plaintiff filed its Reply Brief in Support of Motion to Dismiss Counterclaims on November 24, 2021. *See* Dkt. 48.

6. On April 4, 2022, the Court entered its Order and Memorandum on Plaintiff's Motion to Dismiss ("Order"). *See* Dkt. 57.

7. The Court's Order granted Plaintiff's motion to dismiss without prejudice "in order to allow Rez Candles an opportunity to allege counterclaims that satisfy the requirements of 12(b)(6). *Id.* at 23.

8. The Order granted Defendant 30 days from the date of the order to file a motion seeking leave to amend its counterclaim as well as a copy of its proposed amended pleading.

## ARGUMENT

### I. THE COURT SHOULD GRANT LEAVE TO AMEND.

Pursuant to Federal Rule of Civil Procedure 15, a party may amend by leave of the court, and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]he grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971)). "If the underlying facts or circumstances relied upon by a [party] may be a proper subject of relief, he ought to be afforded

an opportunity to test his claim on the merits," and leave should be "freely given." *Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)). Here, Defendant's proposed amendments do not meet the criteria for denial.

### A.  Amendment Is Not Untimely.

Defendant's proposed amendment is timely and proper. Pursuant to the Court's April 4, 2022 Order, Defendant was allowed 30 days to file a motion seeking leave to amend its counterclaims along with a copy of the proposed amendments. 30 days from the date of the Order is Wednesday, May 4, i.e., today. Therefore, Defendant's motion is timely and compliant with the Court's Order.

### B.  Amendment Is Not Unduly Prejudicial.

Defendant's proposed amendment will not cause undue prejudice. "Most often, [prejudice] occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Estate of Riecke v. Boy Scouts of Am.*, No. 2:16-cv-01044, 2017 WL 4564741, *3 (D. Utah Oct. 11, 2017) (unpublished) (quoting *Minter*, 451 F.3d at 1208). Here, the amendment is a mere refinement of Defendant's original counterclaims, removing two of the three causes of action and limiting the third cause of action to a single area of focus. In its Order, the Court addressed Defendant's claim of tortious interference

arising out of harassing litigation. *See* Order at 19-23. Based on the parties' motion to dismiss pleadings and the Court's Order, Defendant has refined its tortious interference claim to include the requisite detail of ARG's intentional interference, improper means, and injury arising from ARG's interference, as required by law. *See Eldridge v. Johndrow*, 345 P.3d 553, 565 (Utah 2015). Defendant's amendment does not raise "significant new factual issues," but rather clarifies the details and factual issues previously asserted. Therefore, the proposed amendment is not unduly prejudicial, and amendment should be granted by this Court.

### C. The Remaining Considerations are Satisfied.

All of the other considerations for permitting leave to amend are satisfied. There is no bad faith or dilatory motive in Defendant's actions. On the contrary, Defendants are filing this motion and seeking leave to amend within the timeframe established by the Court's Order. Furthermore, the Defendants have refined their amended counterclaims to a single cause of action. There can be no genuine suggestion that the proposed amendment arises out of a bad faith motive to delay the proceedings in this case.

There has also not been a failure to cure prior deficiencies. Defendant's proposed amendment has applied the Court's analysis of deficiencies in Defendant's prior counterclaims and has sought to cure those deficiencies in light of that analysis.

Finally, the proposed amendment is not futile. "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (internal quotation marks omitted). In other words, a motion to amend is only futile if "the plaintiff can prove no set of facts in support of his amendment would entitle him to

5

rein support of his amendment that would entitle him to relief. *Aragon v. Dalton*, No. 2:18-cv-00620-DBB-DAO, 2021 WL 769237, *2 (D. Utah Jan. 21, 2021). Furthermore, a determination of lack of futility is not necessarily essential for a Court to grant leave to amend, as the Court may "decline to engage in a futility analysis in the context of a motion to amend if the court determines the futility arguments would be more properly addressed in dispositive motions." *Id.*

Defendant has sufficiently pled its claim for tortious interference, and the amendment is not futile. A party claiming tortious interference with economic relations must show that: (1) "the defendant intentionally interfered with the plaintiff's existing or potential economic relations."; (2) "by improper means"; (3) causing injury to the plaintiff." *Eldridge*, 435 P.3d at 565. Improper means are "actions that are 'contrary to law, such as violations of statutes, regulations, or recognized common-law rules,' or actions that violate 'an established standard of a trade or profession.'" *C.R. England v. Swift Tansp. Co.*, 437 P.3d 343, 353 (Utah 2019) (quoting *Leigh Furniture & Carpet Co. v. Isom*, 657 P.2d 293, 308 (Utah 1982)). Defendant's proposed amendment sufficiently pleads those elements. The proposed amendment pleads intentional interference with Defendant's economic relations in the form of harassing litigation. The proposed amendment pleads that commencing and maintaining this litigation constitutes improper means because it violates both law and standards of trade. The proposed amendment details how ARG's litigation is objectively baseless, without merit, and was merely filed as part of a "shotgun" series of filings against numerous resellers. These shotgun filings were made to force Defendant to stop selling ARG products, to acquire the identities of Defendant's supplier(s) of ARG products so that ARG could retaliate against the supplier(s) and cut off Defendant's source of ARG products,

and/or to harm Defendant's reputation to incentivize buyers not to purchase ARG products from Defendant. Finally, Defendant has pled harm arising from ARG's actions in the form of a reduced supply of ARG products from distributors and reduced sale of ARG products to buyers. This is more than sufficient to satisfy Defendant's pleading obligations and overcome a 12(b)(6) motion to dismiss. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Defendant has not asserted mere labels and conclusions, but has rather pled sufficient facts for each element of tortious interference. Thus, the amendment is not futile, and the Court should grant Defendant leave to amend its counterclaims.

## CONCLUSION

For these reasons, Defendants respectfully request that this Court grant its motion and allow Defendant leave to amend its counterclaims.

DATED: May 4, 2022

                                               KIMBALL ANDERSON

                                               */s/ William O. Kimball*
                                               William O. Kimball
                                               William B. Chadwick
                                               *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I certify that on May 4, 2022, I filed the foregoing **DEFENDANT'S MOTION FOR LEAVE TO AMEND** using the Court's CMECF system which will serve notice to all counsel of record.

*/s/ Stephanie Hamilton*
Paralegal