# EXHIBIT 1

William O. Kimball (9460)
William B. Chadwick (16416)
KIMBALL ANDERSON
649 E. South Temple, 2nd Floor
Salt Lake City, Utah 84102
(801) 359-3333
bill@kimballanderson.com
will@kimballanderson.com

*Attorneys for Defendant Rez Candles Inc.*

---

## UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| ALLERGY RESEARCH GROUP LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>REZ CANDLES INC., a Delaware corporation, and JOHN DOES 1-10,<br><br>Defendants. | **DEFENDANT REZ CANDLES INC.'S FIRST AMENDED ANSWER AND COUNTERCLAIMS**<br><br>Case No. 2:21-cv-00073-TC-JCB<br><br>Judge Tena Campbell |

Defendants Rez Candles, Inc. ("Defendant") through its undersigned counsel of record, hereby answers Plaintiff's Complaint ("Complaint") and states as follows:

## PARTIES, JURISDICTION, AND VENUE

1.      Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 1 and therefore denies them.

2.      Admit.

3.      Admit.

4.      Deny.

5.      Deny.

6.      Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 6 and therefore denies them.

## JURISDICTION

7.      Deny.

8.      Deny.

9.      Deny.

10.     Deny.

## VENUE

11.     Deny.

## FACTUAL ALLEGATIONS

12.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 12 and therefore denies them.

13.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 13 and therefore denies them.

14.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 14 and therefore denies them.

15.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 15 and therefore denies them.

16.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 16 and therefore denies them.

17.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 17 and therefore denies them.

18.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 18 and therefore denies them.

19.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 19 and therefore denies them.

20.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 20 and therefore denies them.

21.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 21 and therefore denies them.

22.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 22 and therefore denies them.

23.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 23 and therefore denies them.

24.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 24 and therefore denies them.

25.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 25 and therefore denies them.

26.     Deny.

27.     Deny.

28.     Deny.

29.     Deny.

30.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 30 and therefore denies them.

31.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 31 and therefore denies them.

32.     Deny.

33.     Deny.

34.     Deny.

35.     Deny.

36.     Deny.

37.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 37 and therefore denies them.

38.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 38 and therefore denies them.

39.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 39 and therefore denies them.

40.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 40 and therefore denies them.

41.     Deny.

42.     Deny.

43.     Deny.

44.     Deny.

45.     Deny.

46.     Deny.

47.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 47 and therefore denies them.

48.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 48 and therefore denies them.

49.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 49 and therefore denies them.

50.     Deny.

51.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 51 and therefore denies them.

52.     Deny.

53.     Deny.

54.     Deny.

55.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 55 and therefore denies them.

56.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 56 and therefore denies them.

57.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 57 and therefore denies them.

58.     Deny.

59.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 59 and therefore denies them.

60.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 60 and therefore denies them.

61.     Deny.

62.     Deny.

63.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 63 and therefore denies them.

64.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 64 and therefore denies them.

65.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 65 and therefore denies them.

66.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 66 and therefore denies them.

67.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 67 and therefore denies them.

68.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 68 and therefore denies them.

69.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 69 and therefore denies them.

70.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 70 and therefore denies them.

71.     Deny.

72.     Deny.

73.     Deny.

74.     Deny.

75.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 75 and therefore denies them.

76.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 76 and therefore denies them.

77.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 77 and therefore denies them.

78.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 78 and therefore denies them.

79.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 79 and therefore denies them.

80.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 80 and therefore denies them.

81.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 81 and therefore denies them.

82.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 82 and therefore denies them.

83.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 83 and therefore denies them.

84.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 84 and therefore denies them.

85.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 85 and therefore denies them.

86.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 86 and therefore denies them.

87.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 87 and therefore denies them.

88.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 88 and therefore denies them.

89.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 89 and therefore denies them.

90.     Deny.

91.     Deny.

92.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 92 and therefore denies them.

93.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 93 and therefore denies them.

94.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 94 and therefore denies them.

95.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 95 and therefore denies them.

96.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 96 and therefore denies them.

97.     Deny.

98.     Deny.

99.     Deny.

100.    Deny that the products bearing there were products bearing the ARG Registered Trademarks being "illegally sold on the Amazon storefront." Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 100 and therefore denies them.

101.    Deny.

102.    Deny.

103.    Deny.

104.    Deny.

105.    Deny.

106.    Deny.

107.    Deny.

108.    Deny.

109.    Deny.

110.    Deny.

111.    Deny.

112.    Deny.

113.    Deny.

114.    Deny.

115.    Deny.

116.    Deny.

117.    Deny.

118.    Deny.

119.    Deny.

120.    Deny.

121.    Deny.

122.    Deny.

123.    Deny.

124.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 124 and therefore denies them.

125.    Deny.

126.    Deny.

127.    Deny.

128.    Deny.

129.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 129 and therefore denies them.

130.    Deny.

131.    Deny.

132.    Deny.

133.    Deny.

134.    Deny.

135.    Deny.

136.    Deny.

137.    Deny.

138.    Deny.

139.    Deny.

140.    Deny.

141.    Deny.

142.    Deny.

143.    Deny.

144.    Deny.

145.   Deny.

146.   Deny.

147.   Deny.

## **FIRST CAUSE OF ACTION**
### **Trademark Infringement**
### **15 U.S.C. §§ 1114 and 1125(a)(1)(A)**

148.   Defendant realleges and incorporates by reference each of the allegations of this

Answer as stated above.

149.   Deny.

150.   Deny.

151.   Deny.

152.   Deny.

153.   Deny.

154.   Deny.

155.   Deny.

156.   Deny.

157.   Deny.

158.   Deny.

159.   Deny.

160.   Deny.

161.   Deny.

162.   Deny.

**SECOND CAUSE OF ACTION**
**Unfair Competition**
**15 U.S.C. § 1125(a)**

163.    Defendant realleges and incorporates by reference each of the allegations of this Answer as stated above.

164.    Deny.

165.    Deny.

166.    Deny.

167.    Deny.

168.    Deny.

**THIRD CAUSE OF ACTION**
**Common Law Unfair Competition**

169.    Defendant realleges and incorporates by reference each of the allegations of this Answer as stated above.

170.    Deny.

171.    Deny.

172.    Deny.

173.    Deny.

174.    Deny.

175.    Deny.

176.    Deny.

177.    Deny.

178.    Deny.

### FOURTH CAUSE OF ACTION
**Deceptive Trade Practices**
**Utah Code Ann. § 13-11a-3**

179.    Defendant realleges and incorporates by reference each of the allegations of this

Answer as stated above.

180.    Deny.

181.    Deny.

182.    Deny.

183.    Deny.

184.    Deny.

185.    Deny.

186.    Deny.

187.    Deny.

188.    Deny.

189.    Deny.

190.    Deny.

191.    Deny.

192.    Deny.

193.    Deny.

194.    Deny.

195.    Deny.

196.    Deny.

197.    Deny.

198.    Deny.

199.    Deny.

200.    Deny.

**FIFTH CAUSE OF ACTION**
**Unfair Competition**
**Utah Code Ann. § 13-5a-102**

201.    Defendant realleges and incorporates by reference each of the allegations of this

Answer as stated above.

202.    Deny.

203.    Deny.

204.    Deny.

205.    Deny.

206.    Deny.

207.    Deny.

208.    Deny.

209.    Deny.

210.    Deny.

211.    Deny.

212.    Deny.

213.    Deny.

214.   Deny.

215.   Deny.

216.   Deny.

217.   Deny.

218.   Deny.

219.   Deny.

220.   Deny.

221.   Deny.

222.   Deny.

223.   Deny.

224.   Deny.

## SIXTH CAUSE OF ACTION
### Tortious Interference with Contractual Relations

225.   Defendant realleges and incorporates by reference each of the allegations of this

Answer as stated above.

226.   Deny.

227.   Deny.

228.   Deny.

229.   Deny.

230.   Deny.

231.   Deny.

232.    Deny.

233.    Deny.

234.    Deny.

235.    Deny.

236.    Deny.

## PRAYER FOR RELIEF

Defendant denies every allegation and demand in the prayer for relief.

## GENERAL DENIAL

Defendant denies every allegation set forth in Plaintiff's Complaint, including those made in headings and subheadings, unless expressly admitted herein.

## AFFIRMATIVE DEFENSES

Defendant incorporates by reference the foregoing paragraphs in their entirety and asserts the following Affirmative Defenses to the claims set forth in the Complaint without assuming the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff. Nothing stated herein is intended or shall be construed as an admission that any particular issue or subject matter is relevant to the allegations in the Complaint. Plaintiff reserves the right to amend or supplement its affirmative defenses as additional facts concerning defenses become known.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1.      Complaint fails to allege facts upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**
**(Waiver)**

2.      Plaintiff's claims are barred, in whole or in part, based on the equitable doctrine of waiver.

**THIRD AFFIRMATIVE DEFENSE**
**(Laches)**

3.      Plaintiff's claims are barred, in whole or in part, based on the equitable doctrine of laches.

**FOURTH AFFIRMATIVE DEFENSE**
**(Estoppel)**

4.      Plaintiff's claims are barred, in whole or in part, based on the equitable doctrine of estoppel.

**FIFTH AFFIRMATIVE DEFENSE**
**(Acquiescence)**

5.      Plaintiff's claims are barred, in whole or in part, based on the equitable doctrine of acquiescence.

**SIXTH AFFIRMATIVE DEFENSE**
**(Consent)**

6.      Plaintiff's claims are barred, in whole or in part, because it has consented to, authorized, and/or licensed Defendant to perform the acts alleged in the Complaint.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Unclean Hands)**

7.      Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

8.      Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitations.

## NINTH AFFIRMATIVE DEFENSE
### (Fair Use)

9.      Plaintiff's claims are barred, in whole or in part, because the allegations of Defendant's acts therein constitute fair use, nominative fair use, and or/ descriptive use.

## TENTH AFFIRMATIVE DEFENSE
### (First Sale Doctrine)

10.     Plaintiff's claims are barred, in whole or in part, by the first sale doctrine.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Innocent Infringement)

11.     Plaintiff's claims are barred, in whole or in part, because any alleged infringement by Defendant was innocent.

## TWELFTH AFFIRMATIVE DEFENSE
### (Marks Invalid and Unenforceable)

12.     Upon information and belief, the system put in place by Plaintiff to monitor and supervise the distribution and sale of merchandise branded with its asserted marks is so ineffectual that Plaintiff can no longer distinguish in the marketplace genuine goods branded with its asserted marks and counterfeit goods, so as to render the asserted marks asserted herein invalid and unenforceable.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(Adequate Remedy at Law)**

13.     The alleged injury or damage suffered by Plaintiff, if any, would adequately be compensated by damages. Accordingly, Plaintiff has a complete and adequate remedy at law and is not entitled to equitable relief.

**FOURTEENTH AFFIRMATIVE DEFENSE**
**(Failure to Mitigate)**

14.     Plaintiff's claims are barred, in whole or in part, because of failure to mitigate damages if such exist.

**FIFTEENTH AFFIRMATIVE DEFENSE**
**(Good Faith)**

15.     Plaintiff's claims are barred, in whole or in part, because Defendant acted in good faith.

**SIXTEENTH AFFIRMATIVE DEFENSE**
**(No Causation)**

16.     Plaintiff's claims are barred, in whole or in part, because ARG's damages, if any, were not caused by Defendant.

**SEVENTEENTH AFFIRMATIVE DEFENSE**
**(No Damage)**

17.     Without admitting that the Complaint states a claim, there has been no damage in any amount, manner or at all by reason of any act alleged against Defendant in the Complaint, and the relief prayed for in the Complaint therefore cannot be granted.

WHEREFORE, having answered Plaintiff's Complaint, Defendant requests that Plaintiff's Complaint be dismissed with prejudice with no relief awarded to Plaintiff. Defendant further requests costs and attorney's fees, and such further relief as the Court deems proper.

<b>REZ CANDLES INC.'S COUNTERCLAIM</b>

Defendant and Counterclaim-Plaintiff Rez Candles Inc. ("Rez Candles"), by and through its undersigned counsel of record, hereby counterclaims against Plaintiff and Counterclaim-Defendant Allergy Research Group ("ARG"), for Violation of Section 1 of the Sherman Act, Violation of Utah's Antitrust Act, and Tortious Interference with Rez Candle's Economic Relations.

<b><u>DESCRIPTION OF THE PARTIES</u></b>

1.      Counterclaim-Plaintiff Rez Candles Inc is a corporation formed under the laws of Delaware with its principal place of business in Damascus, Maryland

2.      Counterclaim-Defendant Allergy Research Group is a Delaware limited liability company with its principal place of business in Salt Lake City, Utah.

<b><u>JURISDICTION AND VENUE</u></b>

3.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338, and 28 U.S.C. § 1367.

4.      This Court has personal jurisdiction over ARG because their principal place of business is in Utah and the alleged actions in ARG Complaint took place in Utah.

5.      Venue is properly founded in this judicial district pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events giving rise to the claims herein occurred within this judicial district.

## GENERAL ALLEGATIONS

6.      ARG is a developer of nutritional and dietary supplements.

7.      ARG controls the supply and distribution of its products by restricting the sale of its products to only Authorized Sellers.

8.      Authorized Sellers must meet various minimum criteria and comply with ARG's "ARG Rules" which include an Authorized Reseller Policy.

9.      The ARG Rules require ARG's Authorized Sellers to sell only to end users or to ARG approved resellers.

10.     Rez Candles sells genuine ARG products that are not materially different from the first sale ARG products. Rez Candles has established and abides by legitimate quality control procedures for the storage and shipment of the ARG products. The products are sold with their original packaging and Rez Candles makes clear that it is a reseller of the goods.

11.     ARG has worked to prevent competitors like Rez Candles from succeeding in the marketplace by depriving them of access to first sale ARG products and preventing them from reselling ARG products.

12.     ARG's conduct was intended to maintain ARG's ability to increase prices and reduce output of its nutritional and dietary supplements.

13.     ARG has taken direct and meaningful steps to interfere in Rez Candles' and other competitors' ability to buy and sell ARG products.

14.     ARG has taken actions to shut down portions of Rez Candles' and other competitors' websites and Amazon store fronts.

15.     These steps and actions include filing harassing lawsuits against Rez Candles and other competitors. *See, e.g., Allergy Research Group v. Wellness Enterprises et al.*, No. 2:21-cv-00279-HCN-JCB (D. Utah 2021); *Allergy Research Group v. Juliantoro*, No. 2:21-cv-00380-JNP-JCB (D. Utah 2021); *Allergy Research Group v. Andic et al.*, No. 2:22-cv-00249-HCN-CMR (D. Utah. 2022).

16.     These steps and actions also include using these lawsuits as a tool to discover Rez Candles' and other competitor's suppliers so that ARG may punish those suppliers for providing Rez Candles and other competitors with ARG products.

17.     These actions limit Rez Candles' and other competitors' ability to buy and sell ARG products as well as non-ARG products.

18.     These actions have resulted in Rez Candles having diminished ability to purchase ARG products from suppliers and diminished sales of ARG products to consumers.

### FIRST CAUSE OF ACTION
### Tortious Interference with Economic Relations

19.     Rez Candles incorporates by reference all of the preceding and ensuing paragraphs as if fully alleged herein.

20.     Rez Candles has contracts and business relationships with distributors who sell it ARG products.

21.     Rez Candles also has consumers to whom it sells ARG products.

22.     ARG intentionally interfered with Rez Candles' existing and potential economic relations by commencing and maintaining harassing litigation against Rez Candles.

23.     ARG's harassing litigation constitutes improper means because such tactics constitute a wrongful use of civil proceeding contrary to Utah law and violate established industry standards.

24.     ARG's harassing litigation is objectively baseless and ARG lacked probable cause to institute its lawsuit against Rez Candles.

25.     The present lawsuit was filed as part of a "shotgun" series of filings to force numerous resellers of ARG products into ceasing resales through the threat and implementation of litigation. *See, e.g., Allergy Research Group v. Wellness Enterprises et al.*, No. 2:21-cv-00279-HCN-JCB (D. Utah 2021); *Allergy Research Group v. Juliantoro*, No. 2:21-cv-00380-JNP-JCB (D. Utah 2021); *Allergy Research Group v. Andic et al.*, No. 2:22-cv-00249-HCN-CMR (D. Utah. 2022).

26.     ARG used the same template complaint in each of these actions, including the effectively identical initial 97-98 paragraph general information sections.

27.      Each of these actions also assert the exact same six causes of action.

28.     ARG had no realistic expectation of securing favorable relief in this particular action, and was instead merely inserting Rez Candles into its "template" complaint.

29.     ARG's claims in the present action are without merit and only intended to interfere directly with Rez Candles' business relationships through the use of governmental process as an anticompetitive weapon.

30.     ARG's litigation is intended to have Rez Candles cease its resales of ARG Products or to provide ARG with the identities of its suppliers so that ARG may retaliate against those suppliers by cutting off sales to those suppliers.

31.     During the course of this litigation, Rez Candles has provided ARG's counsel with Rez Candles' supplier(s).

32.     Since the commencement of this action, ARG's counsel has contacted at least one of Rez Candles' suppliers of ARG Products.

33.      Rez Candles' supplier(s) have become hesitant to supply Rez Candles with ARG Products, thereby limiting the supply of ARG products that Rez Candles has been able to acquire and sell.

34.     ARG's litigation is also intended to diminish Rez Candles' reputation and thereby diminish customers' willingness to purchase goods from Rez Candles.

35.     For instance, ARG's complaint in the present action includes paragraphs regarding a prior lawsuit involving Rez Candles' owner that is irrelevant to the claims at issue in the present action and only intended to call the character of Rez Candles and its owner into question.

36.     ARG's actions have injured Rez Candles in the form of a diminished supply of ARG products from distributors and diminished sales of ARG products, for which Rez Candles is entitled to compensatory damages in an amount to be proven at trial.

25

37.     The injury to Rez Candles is immediate and irreparable, as Rez Candle's reputation and relationships have been damaged among both its consumers and suppliers.

38.     Rez Candles is also entitled to punitive damages because ARG acted with actual malice and accompanied by a wanton and willful disregard of persons who foreseeably might be harmed by their acts and omissions.

## PRAYER FOR RELIEF

WHEREFORE, Rez Candles, Inc. respectfully asks the Court for a judgment that:

a.      Awards Rez Candles damages, penalties and other monetary relief provided by applicable law and in an amount to be proven at trial;

b.      Awards Rez Candles its cost of suit, including reasonable attorneys' fees and pre- and post-judgment interest; and

c.      Any other relief as the nature of the case may require or as this Court determines to be just, equitable, and proper.

## JURY DEMAND

Instead of making an additional jury demand pursuant to Fed. R. Civ. P. 38, Rez Candles hereby relies on the jury demand requested by Plaintiff.


DATED: _____, 2022

                                        KIMBALL ANDERSON

                                        _____
                                        William O. Kimball
                                        William B. Chadwick
                                        *Attorneys for Defendant Rez Candles Inc.*

26