Monica S. Call (#11361)
mcall@foley.com
Wesley F. Harward (#15623)
wesley.harward@foley.com
FOLEY & LARDNER LLP
299 South Main Street, Suite 2000
Salt Lake City, UT 84111
Telephone: (801) 401-8917

Martha B. Motley (*pro hac vice*)
mbmotley@vorys.com
VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH 43215
Telephone: (614) 464-5626
*Attorneys for Plaintiff Allergy Research Group, LLC*

# UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| ALLERGY RESEARCH GROUP, LLC, | **ALLERGY RESEARCH GROUP, LLC'S OPPOSITION TO REZ CANDLES, INC.'S MOTION TO MAINTAIN DESIGNATION** |
| Plaintiff / Counterclaim-Defendant, | |
| v. | **Case No: 2:21-CV-00073-TC-JCB** |
| REZ CANDLES, INC., | |
| Defendant / Counterclaim-Plaintiff | |

Pursuant to Fed. R. Civ. P. 7 and 26(c) and DUCivR 7-1, Plaintiff Allergy Research Group, LLC ("ARG"), through its undersigned counsel, submits the following opposition to Defendant Rez Candles, Inc.'s ("Rez") Motion to Maintain Designation (the "Motion").

## I.  INTRODUCTION

ARG is challenging Rez's ability to mark documents as "HIGHLY CONFIDENTIAL, ATTORNEY'S EYES ONLY" ("AEO") that are primarily garden-variety business documents not deserving of such heightened protection. The smaller, yet critical portion of documents at issue

4874-9911-1199.2

relates to Rez's sources of ARG product, which are also not entitled to AEO protection. Without following the procedures outlined in the Protective Order (Doc. No. 47) (the "Protective Order") for resolving confidentiality designation disputes and without requesting a simple meet and confer, Rez filed its Motion seeking relief to which it is not entitled.

It is Rez's burden to demonstrate good cause for its designations. Yet, the Motion is devoid of facts or argument that would "prov[e] that [Rez's] designation is proper," *see* Protective Order at ¶ 9(c). Rez repeatedly states that the disclosure of certain documents "could reasonably and in good faith be argued as 'likely' to cause harm," but then fails to so argue. Instead, Rez relies on conclusory assertions and cherry-picked buzzwords from the Protective Order in an unsuccessful attempt to justify the propriety of its AEO designations. Such a showing is insufficient.

Putting aside Rez's conclusory assertions, the Motion should be denied for a myriad of other reasons. First, the de-designation of documents at issue in Rez's Motion is not likely to cause harm to Rez because ARG and Rez are not competitors. Moreover, any potential harm is outweighed by (1) the harm to ARG if the information is not de-designated; (2) ARG's legitimate interest in obtaining the information; and (3) ARG's privilege to act on that information to protect its business interests. Lastly, Rez's AEO designations, particularly as they relate to the identity of its suppliers, are an impermissible use of the Protective Order as a sword and shield. Rez has placed its suppliers' identities front and center in this case through its affirmative defenses and proposed counterclaim, but is using the Protective Order to hide its suppliers' identities from ARG. This is an improper use of AEO designations under the Protective Order.

Accordingly, the Court should deny the Motion and the documents at issue should be de-designated as follows:

4874-9911-1199.2

| Document[1] | Description | Designation | De-Designation |
|---|---|---|---|
| REZ_01027 to 01148 | Tax Returns | AEO | Confidential |
| REZ_01149 to 01152 | Email communication | AEO | Confidential |
| REZ_01156 to 01181 | Email communication | AEO | Confidential |
| REZ_01183 | Communication | AEO | Confidential |
| REZ_01184 | Table | AEO | Confidential |
| REZ_01185 | Email communication | AEO | Non-Confidential |
| REZ_01190 to 01191 | Email communication with ARG | AEO | Confidential |
| REZ_01214 to 01215 | Email communication with ARG | AEO | Confidential |
| Rog Resp. Nos. 3–4 | Rez's Interrogatory Responses | AEO | Confidential |
| HOFFMAN_0001 to 0126 | Purchase Orders | AEO | Confidential |

**II.   BACKGROUND**

Consistent with the Protective Order's requirements, *see* ¶ 9(b), on January 28, 2022, ARG requested in writing that Rez change its designation of certain documents and information (*see* Ex. 1) from AEO to "CONFIDENTIAL INFORMATION" (the "Jan. Letter," attached as Ex. 2). On February 8, 2022, ARG sent a similar letter to third party Spencer Hoffman (the "Hoffman Letter," attached as Ex. 3). On February 11, 2022, Rez responded to both the Jan. Letter and the Hoffman Letter, agreeing to downgrade a handful of its AEO designations, but maintaining its AEO designation for the majority of documents and information (the "Feb. Letters," attached as Ex. 4 and Ex. 5). In responding to the Hoffman Letter, Rez stated, "Defendant designated Mr. Hoffman's subpoena response documents AEO . . . ." Ex. 5 at 1. Despite the Protective Order's requirements, *see* ¶¶ 9(b) and (c), Rez neither stated an intent to seek nor filed a motion for "a protective order or any other order to maintain the designation" within seven days of the Feb. Letters.

The Protective Order provides that Rez's failure to seek timely relief from this Court resulted in the information and documents being "de-designated to the category requested by

---

[1] *See* Ex. 1. De-designations Rez has agreed to make have been omitted from this list, which include: REZ_01153–01155, 01182, 01186–01189, and 01192–01213.

4874-9911-1199.2

[ARG]." Protective Order at ¶ 9(c). To avoid any unnecessary disputes concerning the effect of Rez's failure, ARG sent Rez a letter on April 18, 2022 (the "April Letter," attached as Ex. 6) outlining its understanding of the status of the designations it challenged. Without responding in writing and without seeking to meet and confer, Rez filed the Motion.

### III. LEGAL STANDARD

As the designating party, Rez has "the burden of demonstrating good cause to designate the documents at issue as AEO." *Mitchell Int'l, Inc. v. Healthlift Pharm. Servs., LLC*, No. 2:19-cv-000637-RJS-DAO, 2021 U.S. Dist. LEXIS 79901, *3 (D. Utah Apr. 23, 2021). The Protective Order prohibits the disclosure of AEO-designated material to in-house counsel actively engaged with the litigation, insurers, and ARG representatives needed to assist outside counsel with the litigation (collectively "ARG Qualified Persons"). Accordingly, to justify its AEO designation, Rez must show that the disclosure of AEO-designated material to ARG Qualified Persons would likely cause harm and that harm is outweighed by ARG's legitimate interest in discovering the designated information. *See Mitchell Int'l, Inc.*, 2021 U.S. Dist. LEXIS 79901, at *3–*4. However, where "a CONFIDENTIAL INFORMATION designation will fully protect against potential business harm," an AEO designation is unwarranted. *See DIRTT Envtl. Solutions, Inc. v. Henderson*, 2020 U.S. Dist. LEXIS 197795, at *6 (D. Utah. Oct. 22, 2020) (denying AEO).

### IV. ARGUMENT

    A.    **Rez's Business Information Documents Are Not Entitled to AEO Protection.**

Rez has made no effort to demonstrate good cause for designating any documents as AEO. It repeatedly—and summarily—states that the disclosure of certain documents "could reasonably and in good faith be argued as 'likely' to cause harm," but entirely misses the point that **this**

4

**Motion** is the time for it to so argue. Instead of identifying any harm, with respect to REZ_01027–01152, 01156–01181, 01183–01184, 01186–01191[2], 01214–01215 (collectively, the "Business Information Documents"), Rez merely claims that the documents contain "sensitive business information" or "highly sensitive financial or marketing information," without more. Rez's recitation of buzzwords from the Protective Order does nothing to explain to ARG or this Court why there is good cause to designate the documents AEO.

It is evident from a review of the Business Information Documents that no harm would befall Rez if ARG Qualified Persons were permitted to see those documents.[3] Rez makes only one reference to how ARG may use 26 pages of the documents at issue (REZ_01156-1181), suggesting that ARG may use the information to "attack Defendant's credibility and sales of non-ARG products by casting doubt on the legality of those sales." As an initial matter, ARG has already spelled out in its Complaint, in great detail, how Rez's own business conduct is questionable and the ways that Rez is infringing ARG's trademarks. Rez's "credibility" is already at issue. Moreover, Rez's sales of poor-quality, non-genuine, infringing products is the core of ARG's lawsuit. Rez cannot hide behind an AEO designation for this or any other information

---

[2] The parties have resolved the claw-back issue identified in the Motion by partially redacting the documents in question. Additionally, the parties have agreed that the redacted versions can be de-designated as follows: REZ_01186 is non-confidential and REZ_01187–01189 are CONFIDENTIAL for purposes of resolving this issue without the Court's intervention.

[3] For instance, REZ_01149-01152 are emails between Rez and a web development company. Rez and ARG are not competitors, ARG clearly has a well-established business and website already, and there are no assertions of any harm that could befall Rez if ARG Qualified Persons were to see these documents. Rez states merely that these documents are entitled to AEO protection because they "fall[] under 'sensitive business information, including . . . marketing information" under the PO. This is a regurgitation of the language of the PO, not an argument that there is good cause to designate them AEO. Rez's assertions of protection for all the other categories in its Motion are similarly conclusory and unhelpful.

simply because information it produces may allow ARG to establish the truth of its allegations.

Rez's obligation to identify its harm is amplified in this case. "Attorney's-eyes-only protection is usually employed to protect against business harm that would result from disclosure of sensitive documents to a competitor." *Mitchell Int'l, Inc.*, 2021 U.S. Dist. LEXIS 79901; *see also DIRTT*, 2020 U.S. Dist. LEXIS 197795, at *5-6 (holding AEO designation usually limited to protecting against "harm that would result from disclosure of sensitive documents to a competitor" and that in absence of such circumstances, "CONFIDENTIAL" designation would suffice); *Roche Diagnostics Corp. v Amexpo Int'l, LLC*, No. 19-61469-CIV-RUIZ/SELTZER, 2019 U.S. Dist. LEXIS 236471, *14 (S.D. Fla. Aug. 20, 2019) (holding that disclosing identities of sellers of manufacturer's products "is not a case of a competitor acquiring an opponent's 'playbook'"). However, ARG and Rez are **not** competitors. Accordingly, while the AEO designation is available under the PO, its justified use is limited in this case because of the parties' relationship. Rez has not and cannot make a case that the disclosure of the Business Information Documents to ARG Qualified Persons is likely to harm it, let alone harm it in the same manner as if the parties were competitors. Therefore, the Court should deny Rez's Motion and the Business Information Documents should be de-designated.

        **B.**    **Rez's Supplier Information Is Not Entitled to AEO Protection.**

Again, Rez fails to demonstrate good cause for designating its supplier information AEO. With respect to REZ_01185, 01190–01191, 01214–01215, HOFFMAN_0001–0126, and Interrogatory Response Nos. 3 and 4 (collectively, the "Supplier Information"), Rez simply concludes that the documents relate to "highly sensitive" information. The fact that the Protective Order explicitly lists the identity of suppliers as one category of information and documents

eligible for an AEO designation does not end the inquiry, as the Motion suggests. Rather, Rez is still required to prove that the disclosure of its Supplier Information to ARG Qualified Persons is likely to cause Rez harm. Rez has failed to do so and the Court should deny its Motion accordingly.

Again, the justified use of the AEO designation by Rez is limited in this case because the parties are not competitors. It is further limited in the context of Rez's Supplier Information because, as alleged in ARG's Complaint (Doc. No. 2, ¶¶ 128-35, 225-36), Rez's suppliers are likely ARG's distributors. As the Court in *Roche Diagnostics Corp.* recognized, it makes little sense to keep supplier information confidential when those suppliers are the other's distributors:

> [Plaintiff] is part of—and indeed the origin of—the supply chain. [Defendant's] argument that the identities of the companies that sell [plaintiff's] own product is [confidential] vis-à-vis [plaintiff] is not persuasive. [Plaintiff], and resellers of its own product, all profit from the ultimate purchasers downstream in the supply chain. This is not a case of a competitor acquiring an opponent's "playbook."

2019 U.S. Dist. LEXIS 236471 at *14 (ordering disclosure of supplier even though in cases between competitors, such information is typically regarded as confidential).

Similarly, there is nothing inherently secret about Rez's suppliers' identities. *See Generation Brands, LLC v. Décor Selections, LLC*, No. 19 C 6185, 2020 U.S. Dist. LEXIS 192096, *6 (N.D. Ill. Oct. 16, 2020). Nor does the Motion provide any evidence that Rez or its suppliers intended or attempted to maintain their relationship in secrecy. *See id.* at *6–*7. Under nearly identical facts, the court in *Generation Brands, LLC* rejected the defendant's desire to designate its supplier information as AEO because the designating party had made no effort to show that it had ever taken steps to maintain the secrecy if its suppliers. 2020 U.S. Dist. LEXIS 192096, at *6 ("There is nothing inherently confidential or secret about the name of a lighting fixture supplier. Harry Lime is not distributing lamps under the cover of darkness in the rubble of post-war Central

Europe to the accompaniment of a zither."). The court held that merely asserting secrecy "'doesn't make it so . . . .'" *Id.* at *7 (quoting *United States v. 5443 Suffield Terrace, Skokie, Ill.*, 607 F.3d 504, 510 (7th Cir. 2010)).

Moreover, the defenses raised and the pending counterclaim asserted by Rez squarely place the identity of its suppliers and ARG's distributors at issue in this case, such that Rez's use of the AEO designation over the Supplier Information is an impermissible use of a sword and shield. Rez has asserted an affirmative defense under the first sale doctrine,[4] an affirmative defense for waiver, good faith, and failure to mitigate, and a proposed counterclaim for tortious interference with economic relations. *See* Doc. No. 62-1.

Each of these defenses and claims puts the identity of Rez's suppliers squarely at issue in this case, such that prohibiting ARG Qualified Persons from seeing the Supplier Information would hinder ARG's ability to prosecute this case. *See Generation Brands, LLC*, 2020 U.S. Dist. LEXIS 192096, at *7–*8 (rejecting request to designate information as AEO where requesting party failed to demonstrate need and where opposing party proved the information went "to the heart of their claims," and collecting cases). For example, ARG could not possibly respond to Rez's failure to mitigate defense or its tortious interference claim when the identity of the entity with whom it should be mitigating or with whom it is allegedly interfering cannot be shared with

---

[4] In short, the first sale doctrine prohibits the resale of ARG's products by Rez that are materially different from genuine ARG products and that are outside of and interfere with ARG's quality controls and customer service requirements. *Skullcandy, Inc. v. Filter USA, Inc.*, No. 2:18-cv-00748-DAK, 2019 U.S. Dist. LEXIS 104393, *14-16 (D. Utah June 21, 2019). In its proposed First Amended Counterclaims, Rez asserts that it sells genuine ARG products that are not materially different and that are sold in original packaging. (Doc. No. 62-1, ¶¶ 6-10.) ARG cannot test Rez's assertion that the products were legally procured and authentic if ARG Qualified Persons are prohibited from knowing the source of Rez's products.

8

ARG Qualified Persons. Given the nature of ARG's claims and Rez's defenses and proposed counterclaim, the involvement of ARG Qualified Persons and the disclosure to those individuals of Rez's Supplier Information is necessary to allow ARG to adequately prepare its case for trial. Without the assistance of ARG Qualified Persons, ARG's counsel's ability to evaluate the merits of Rez's claims and defenses will be severely hindered, if not thwarted altogether, if Rez's designation of its Supplier Information as AEO is allowed to stand.

Ordering the disclosure of Rez's suppliers' identities to ARG Qualified Persons under these circumstances is directly supported by case law. For example, in the case of *Bare Escentuals Beauty, Inc. v. Costco Wholesale Corp.*, No. 07CV90, 2007 U.S. Dist. LEXIS 90893, *10-11 (S.D. Cal. Dec. 11, 2007), the court found that defendant placed its suppliers' identity at issue by asserting nearly identical defenses as those at issue here and ordered that the defendant's suppliers' identity be disclosed to individuals similar to ARG Qualified Persons. *See also Generation Brands, LLC*, 2020 U.S. Dist. LEXIS 192096, at *7–*8; *Coty Inc. v. C Lenu, Inc.*, No. 10-21812-CIV-HUCK/O'SULLIVAN, 2010 U.S. Dist. LEXIS 138360, *14–*18 (S.D. Fla. Dec. 22, 2010) (ordering disclosure of supplier information where defendant raised the first sale doctrine defense).

Lastly, Rez's justification for designating this information as AEO because it has "a reasonable belief that ARG would retaliate against the[se] individual[s]" if their identities are disclosed to ARG Qualified Persons is unavailing. *See* Motion at 7. Any potential harm that could befall Rez or its suppliers is outweighed by the legitimate reasons why the Supplier Information is not entitled to AEO protection. Moreover, whatever harm, if any, that could befall Rez or its suppliers would be the result of ARG's privileged conduct in furtherance of its efforts to enforce its contractual rights, protect its trademarks, and otherwise protect its legitimate business

relationships. Rez's suppliers are either ARG's authorized distributors with which ARG has a contractual relationship—and may be in breach of their agreements—or are unauthorized grey market dealers—who are infringing ARG's trademarks. As the court in *Pendleton Woolen Mills v. Kraff's Men's Wear Co.*, No. 3:14-CV-628-PK, 2014 U.S. Dist. LEXIS 18201 1 (D. Or. Nov. 21, 2014), recognized in deciding a similar dispute, brands like ARG have a legally protected interest in enforcing their contracts with their authorized distributors and enforcing their trademark rights against unauthorized sellers of their products. These protected actions include prohibiting authorized sellers from selling products to unauthorized resellers, and advising authorized sellers that failure to comply with that obligation may result in adverse action against the authorized seller. *Id.* at *28. Shielding the identities of these entities from ARG to prevent ARG from potentially engaging in privileged conduct is not a proper use of the AEO designation.

For these reasons, Rez cannot justify its AEO designation over the Supplier Information. The Court should deny the Motion and the Supplier Information should be de-designated.

**V.   CONCLUSION**

For the foregoing reasons, Plaintiff Allergy Research Group, LLC respectfully requests that Defendant Rez Candles, Inc.'s Motion to Maintain Designation be denied and the documents at issue should be de-designated as identified in the chart above.

RESPECTFULLY SUBMITTED this 9th day of May, 2022.

FOLEY & LARDNER LLP

*/s/ Monica S. Call*
Monica S. Call
Wesley F. Harward (#15623)

10

        VORYS, SATER, SEYMOUR AND PEASE LLP
        Martha B. Motley (*pro hac vice*)

        *Attorneys for Plaintiff Allergy Research Group, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2022, a copy of the foregoing was served via CM/ECF on the following attorneys for Defendants Rez Candles and Reza Davachi as follows:

William O. Kimball
William B. Chadwick

*Attorneys for Defendants*

                                       */s/ Monica S. Call*
                                       Monica S. Call

4874-9911-1199.2