Monica S. Call (#11361)
mcall@foley.com
Wesley F. Harward (#15623)
wharward@foley.com
FOLEY & LARDNER LLP
299 South Main Street, Suite 2000
Salt Lake City, UT 84111
Telephone: (801) 401-8917

Martha B. Motley (*pro hac vice*)
mbmotley@vorys.com
VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH 43215
Telephone: (614) 464-5626
*Attorneys for Plaintiff Allergy Research Group, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | | |
|---|---|---|
| ALLERGY RESEARCH GROUP, LLC, | : | **ALLERGY RESEARCH GROUP,** |
| | : | **LLC'S OPPOSITION TO REZ** |
| Plaintiff / Counterclaim-Defendant, | : | **CANDLES, INC.'S MOTION FOR** |
| | : | **LEAVE TO AMEND ANSWER AND** |
| v. | : | **COUNTERCLAIM** |
| | : | |
| REZ CANDLES, INC., | : | **Case No: 2:21-CV-00073-TC-JCB** |
| | : | |
| Defendant / Counterclaim-Plaintiff | : | |

Pursuant to Fed. R. Civ. P. 15 and DUCivR 7-1, Plaintiff Allergy Research Group, LLC

("ARG"), through its undersigned counsel, submits the following opposition to Defendant Rez

Candles, Inc.'s ("Rez") Motion for Leave to Amend its answer and counterclaim (ECF 62)

("Motion" or "Mot.").

## I.      INTRODUCTION

Rez has tried and failed again to assert a counterclaim of tortious interference based on ARG's alleged "harassing litigation."   This Court has already rejected substantially the same counterclaim because it failed to allege that ARG interfered with Rez's business relationships or acted with "improper means."   The proposed counterclaim attached to Rez's Motion ("Proposed Counterclaim") suffers from the same deficiencies this Court identified in its order (the "Order"; ECF 57) dismissing Rez's initial counterclaims (the "Initial Counterclaims"; ECF 37).   Although Rez argues in its Motion that it has "applied the Court's analysis of deficiencies" in the Initial Counterclaims and "detail[ed] how ARG's litigation is objectively baseless," these arguments are as conclusory as the Proposed Counterclaim itself.   Despite the guidance in the Order, Rez has done nothing more than assert bare legal conclusions, speculate, and copy language from the Order.   Rez has yet again failed to allege that ARG interfered with any economic relations or acted with improper means.   Rather, it is clear from ARG's complaint against Rez (the "Complaint"; ECF 2, attached hereto as Exhibit 1) that it sued Rez as part of a good-faith, legitimate effort to protect its trademarks and its product quality and integrity, and did so only after making efforts to resolve the dispute with Rez that Rez ignored.

Now that ARG has been forced to file the action, Rez calls it "harassing," "objectively baseless," and part of an undefined "'shotgun' series of filings" against other unidentified and unrelated defendants—all while ignoring the wealth of factual allegations in ARG's Complaint. Rez's Proposed Counterclaim is a mere retaliation against ARG for filing this action, and falls far short of stating a claim for tortious interference.   Rez has not cured its prior deficiencies, but instead forced ARG and this Court to spend time and resources to review another conclusory and

speculative counterclaim.  Accordingly, this Court should deny the Motion with prejudice.

## II.    BACKGROUND

ARG is a manufacturer of nutritional supplements and distributes its products exclusively through Authorized Sellers who must meet minimum quality control criteria and enter into agreements with ARG to sell ARG products.  *See* Proposed Counterclaim ¶¶ 6-8.[1]  To maintain its exclusive distribution system, ARG's agreements with its Authorized Sellers allow the Authorized Sellers to sell ARG products only to end users or other Authorized Sellers, but prohibit the Authorized Sellers from selling ARG products to unauthorized resellers like Rez.  *Id.* ¶ 9.  Rez is not an Authorized Seller; rather, it claims that it has established and abides by its own set of quality controls and its ARG products are sold with their original packaging.  *Id.* ¶ 10.

In its Initial Counterclaims, Rez attempted to assert a counterclaim of tortious interference based on what it called improper contractual provisions, abusive shutdown requests, and harassing litigation.  *See generally* Initial Counterclaims (ECF 37).  This Court granted ARG's motion to dismiss the Initial Counterclaims and permitted Rez to move to amend its answer and counterclaims, which Rez has now done.  In its Order, this Court held that Rez failed to state a claim of tortious interference because Rez did not allege a sufficient factual basis to find that: (1) ARG acted without probable cause; (2) ARG brought its lawsuit "primarily for a purpose other than that of securing the proper adjudication" of its claims, or (3) the lawsuit was "objectively baseless."  *Id.* at 20-23.  In response to the Order, Rez's Proposed Counterclaim attempts to assert

---

[1] Given ARG's prior motion to dismiss, which the Court granted, and Rez's motion to dismiss, which the Court granted in part, the Court is well aware of the issues in this case and the factual premise for ARG's claims will not be reiterated here in full.  *See* Order at 2-4; ECF 15-16, 34, 38, 45.

tortious interference again, this time based on a conclusory hodgepodge of the theories discussed in the Order: harassing litigation, sham litigation, abuse of judicial process, and wrongful use of civil proceedings.  *See generally* Proposed Counterclaim (ECF 62-1).[2]

## III.   LEGAL STANDARD

Although Fed. R. Civ. P. 15(a) states that leave to amend should be freely given when justice requires, *Bauchman v. West High Sch.*, 132 F.3d 542, 559 (10th Cir. 1997), it is not absolute and a court may deny a motion to amend if the amendment would be futile, *Jurgevich v. McGary*, 63 Fed. Appx. 448, 451 (10th Cir. 2003).  A proposed amendment is futile if it would not withstand a motion to dismiss or otherwise fails to state a claim.  *Myers v. St. George Police Dept.*, No. 4:20-cv-00113-DN-PK, 2021 U.S. Dist. LEXIS 174935, *10-11 (D. Utah Sept. 14, 2021).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  Moreover, in evaluating a motion to dismiss, a court need not accept "legal conclusions" as true.  *Id.*  Dismissal is appropriate where, as here, the proposed amended claim, "standing alone, is legally insufficient to state a claim on which relief may be granted."  *Myers*, 2021 U.S. Dist. LEXIS 174935, at *11.

---

[2] Because the basis of the claim is ARG's allegedly "harassing" lawsuit, the analysis of Rez's Motion requires review of ARG's Complaint.  Although courts are typically limited to reviewing the four corners of a pleading on Rule 12(b)(6) issues, this Court can consider ARG's Complaint because: (1) Rez refers to it in the counterclaim, (2) it is central or integral to the counterclaim, (3) its contents and authenticity are not in dispute, and (4) ARG has attached it to this Opposition as Exhibit 1.  *See Utah Gospel Mission v. Salt Lake City Corp.*, 425 F.3d 1249, 1253-54 (10th Cir. 2005) (describing exception to "four corners" rule);  *Matney v. Barrick Gold of N. Am., Inc.*, No. 2:20-cv-275-TC-CMR, 2022 U.S. Dist. LEXIS 73479, *8 (D. Utah April 21, 2022).

## IV.     ARGUMENT

### A.     Rez's Proposed Counterclaim is Futile because it Fails to State a Claim.

Rather than cure its deficiencies, all Rez has done in its Proposed Counterclaim is recite legal elements and regurgitate buzzwords it excerpted from this Court's Order.  Once again, despite this Court's admonitions against conclusory allegations in its Order, Rez's allegations are conclusory and unsupported by facts.  *See* Order at 8, 11-12, 14-17, 21 (repeatedly rejecting allegations that are general, vague, and conclusory).  Tortious interference under Utah law has three elements: (1) "the defendant intentionally interfered with the plaintiff's existing or potential economic relations"; (2) "by improper means"; and (3) "causing injury to the plaintiff."  *Eldridge v. Johndrow*, 345 P.3d 553, 565 (Utah 2015).  The failure to allege even one of these elements requires dismissal.  *See, e.g.*, *Smart Surgical, Inc. v. Utah Cord Bank, Inc.*, No. 2:20-cv-00244-JNP, 2021 U.S. Dist. LEXIS 36563, *9-10 (D. Utah Feb. 25, 2021).

### 1.     Rez Fails to Allege Intentional Interference with Economic Relations.

Under the first element, Rez must allege ***both*** an intentional interference ***and*** the existence of business relationships or contracts.  Rez alleges only that it has customers, "has contracts and business relationships with distributors who sell it ARG products," that they "have become hesitant" to sell ARG products to Rez, and that ARG has "intentionally interfered with Rez Candles' existing and potential economic relations."  Proposed Counterclaim ¶¶ 20-22, 33.  These allegations are conclusory and insufficient to identify the business relationships or contracts with which ARG has allegedly interfered.  It also falls short of alleging that Rez's suppliers have actually ***stopped*** selling ARG products to Rez or that there has been ***any*** other interference.[3]

---

[3] Moreover, as this Court recognized in its Order, ARG is well within its legal rights to direct

2.      **Rez Fails to Allege Improper Means.**

Like its Initial Counterclaims, Rez's Proposed Counterclaim "is not altogether clear." *See*
Order at 19.  Rez tries but again fails to allege that ARG employed improper means in interfering
with Rez's contracts and business relationships by commencing wrongful or sham litigation
against it.  In dismissing Rez's Initial Counterclaims, this Court explained that to allege the tort of
"wrongful use of civil proceedings" under Utah law, the plaintiff must allege that ARG initiated
the lawsuit against Rez "without probable cause, and primarily for a purpose other than that of
securing the proper adjudication" of its claims.  Order at 22 (citing *Gilbert v. Ince*, 981 P.2d 841,
845 (Utah 1999) (quoting Restatement (Second) of Torts § 675)).

Relatedly, the *Noerr-Pennington* Doctrine recognizes that "individuals and organizations
are immune from liability under antitrust laws for actions constituting petitions to the
government," like the filing of lawsuits.  *Anderson Dev. Co. v. Tobias*, 116 P.3d 323, 332 (Utah
2005).  The Doctrine also protects parties against tort claims brought in retaliation to the filing of
a lawsuit unless the lawsuit is a sham, *i.e.* both "objectively baseless" and subjectively motivated
by the desire to use "the governmental *process*—as opposed to the *outcome* of that process—as an
anticompetitive weapon."  *Prof'l Real Estate Inv'rs, Inc. v. Columbia Pictures Industries, Inc.*,
508 U.S. 49, 60-61 (1993).  A lawsuit is "objectively baseless" only if it is "so baseless that no
reasonable litigant could realistically expect to secure favorable relief."  *Id.* at 62.  Courts also
examine whether the plaintiff "lacked probable cause to institute an unsuccessful civil lawsuit"
and "pressed the action for an improper, malicious purpose."  *Id.*  The very fact that it is not clear
from the Proposed Counterclaim **what tort** forms the basis for ARG's alleged "improper means"

_____

how its distributors—its contractual partners—may sell ARG products.  *See* Order at 15-16.

demonstrates that Rez has not—and apparently cannot—satisfy notice pleading. *See Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012) (dismissing complaint because it was conclusory and failed to give defendant fair notice of grounds for claims).

The Court has already considered, and rejected, this basis for tortious interference against ARG. As with the Initial Counterclaims, "[t]o the extent [Rez] asserts ARG's 'harassing litigation' was an abuse of process, its allegations do not support its position." *See* Order at 23. For instance, Rez makes the conclusory allegation that ARG's lawsuit against it is "harassing" but fails to identify even one fact in support. Proposed Counterclaim ¶¶ 15, 23. It alleges that ARG's lawsuit is "contrary to Utah law and violate[s] established industry standards," but ***again*** fails identify to which laws and standards the lawsuit is contrary. *See* Order at 18-19 ("To the contrary, RC must plead the element of 'improper means' by tying it to a violation of a legal rule or an established trade or professional standard. With no reference to a legal rule or standard (something RC should already know without resort to discovery), RC has not met its notice pleading obligation."). Even in its Motion, Rez seems unable to identify the laws or standards, stating only that ARG's lawsuit "violates both law and standards of trade." Mot. at 6. Rez's conclusory allegations also ignore the abundance of federal trademark infringement law that permits ARG to file precisely this kind of lawsuit. *See Big Squid, Inc. v. Domo, Inc.*, No. 2:19-cv-193, 2019 U.S. Dist. LEXIS 131094, *22-23 (D. Utah Aug. 5, 2019) (dismissing tortious interference claim because "[a]part from its conclusory allegation that [defendant] violated industry standards, [plaintiff] offers no allegation concerning what industry standards applied to [defendant's] conduct").

Although the Proposed Counterclaim is unclear, Rez peppers its pleading with speculative and conclusory allegations that ARG intends to use this lawsuit solely to identify the suppliers of

ARG products to its competitors.  To the extent Rez is trying to allege that the lawsuit is harassing and wrongful because it is intended only to obtain information about Rez's suppliers, this is a legal conclusion with no factual support.  *See* Proposed Counterclaim ¶¶ 11-13, 16-17, 29-33. Moreover, a review of ARG's Complaint reveals just the opposite.  The Complaint is thorough and detailed about the following: ARG's exclusive distribution system, agreements with its Authorized Sellers, and other actions it takes to protect its trademarks and product quality and integrity, *see, e.g.*, Complaint ¶¶ 12-17, 20-29, 53-92, 225-233; Rez's unlawful sale of ARG products, *see, e.g.*, *id.* ¶¶ 99-107, 120-135; ARG's attempts to resolve the matter through cease-and-desist letters without litigation and Rez's disregard of those letters, *see, e.g.*, *id.* ¶¶ 108-119; the reasons Rez's sales constitute trademark infringement and violations of related laws, *see, e.g.*, *id.* ¶¶ 120-135, 152-157, 164-166, 170-175, 184-196, 206-219; and the harm Rez's actions cause to ARG, *see, e.g.*, *id.* ¶¶ 140-147, 158-162, 167-168, 176-178, 197-200, 220-224, 234-236.  All of ARG's claims are legitimate, founded in well-established legal principles, and supported by facts.

In this light, Rez's allegations that ARG's lawsuit "is objectively baseless," lacking in "probable cause," and without any "realistic expectation of securing favorable relief" (Proposed Counterclaim ¶¶ 24, 28) are nothing more than a recitation of the elements of the "wrongful use of civil proceedings" tort and "sham litigation" exception to the *Noerr-Pennington* Doctrine.  Once again, Rez makes no attempt to support these elements with ***any*** factual allegations.  *See* Order at 21 (rejecting Rez's "vague, conclusory allegations" and finding they did "not plead an objectively baseless lawsuit"); *Eskamani v. Auto-Owners Ins. Co.*, No. 20190450-CA, 476 P.3d 542, 547 (Utah Ct. App. Oct. 8, 2020) (holding that plaintiff must prove proceeding lacked probable cause, and probable cause exists if the entity initiating the civil proceeding had a reasonable belief in the

factual basis for it).  Moreover, even the briefest analysis of federal trademark law and its corresponding First Sale Doctrine reveal that ARG's lawsuit is legitimate and made in good faith. Under the Lanham Act, the First Sale Doctrine prohibits Rez from reselling ARG-branded products that are materially different from genuine ARG products or that are outside of and interfere with ARG's quality controls and customer service requirements. *Skullcandy, Inc. v. Filter USA, Inc.*, No. 2:18-cv-00748-DAK, 2019 U.S. Dist. LEXIS 104393, *14-16 (D. Utah June 21, 2019).  There is ample case law on the First Sale Doctrine, and as discussed, there are numerous factual allegations in ARG's Complaint asserting that Rez sells non-genuine products. *See, e.g.*, Complaint ¶¶ 94-135, 152-157, 164-166, 170-175, 184-196, 206-219.  In light of these allegations in the Complaint, by claiming that ARG's Complaint is "objectively baseless" and lacking in probable cause, Rez ignores the actual content of the Complaint and protests only its existence.

Likewise, Rez makes an oblique reference to a "'shotgun' series of filings," Proposed Counterclaim ¶¶ 25-27, somehow alleging that because ARG has sought the Court's assistance to protect its trademarks in other litigation, on this basis alone, the Complaint is harassing.  This is illogical from a common sense perspective and speculative and conclusory from a legal perspective.  ARG's Complaint sets out clearly and in detail that it has a legitimate and good-faith basis for its action against Rez.  The fact that ARG has sued other unauthorized resellers shows only that ARG is diligent in enforcing its trademark rights and protecting the quality and integrity of its brand and products against those resellers.

Rez's allegation that ARG intends to use the "governmental process as an anticompetitive weapon" is conclusory and baseless, not to mention rejected by this Court in its Order.  *Id.* ¶ 29; Order at 16 (explaining that there was no evidence ARG's arrangement with its Authorized Sellers

was anticompetitive).  As noted in the Order, this Court considers whether the lawsuit is merely an "anticompetitive weapon" ***only if*** the Proposed Counterclaim first alleges that the lawsuit is "objectively baseless."  Order at 20-21 (citing *Prof'l Real Estate Inv'rs*, 508 U.S. at 60).  Since Rez failed to allege the first step of the analysis, it has failed to allege improper means.  *Id.* Nonetheless, Rez has not alleged that ARG had any motive to use the ***process*** of this lawsuit, rather than the ***outcome***, against Rez.  To the contrary, ARG's motivation is to obtain a judgment requiring Rez to stop selling infringing ARG-trademarked products, which would be the outcome of this lawsuit and not its process. *See, e.g.*, Complaint ¶¶ 25, 53-56, 59-60, 74, 96, 120-127, 140-147, 158-62, Prayer for Relief.  The fact that ARG has requested Rez's sources in discovery and, even accepting as true that ARG's Authorized Sellers are "hesitant" to sell ARG products to Rez, does not mean the intended outcome of this lawsuit is to harass Rez.

Finally, Rez's allegation that ARG's lawsuit is intended "to have Rez Candles cease its resales of ARG Products" and to "diminish Rez Candles' reputation" does nothing to show how the lawsuit is harassing or wrongful.  *Id.* ¶¶ 30-34.  When ARG learned that Rez was selling infringing ARG products, it notified Rez multiple times that its sales were unlawful and it must cease those sales.  Complaint ¶¶ 108-119.  Only after Rez refused did ARG file this lawsuit.  This does not constitute harassment.  As Rez's own Proposed Counterclaim acknowledges, ARG attempted to achieve this outcome first through creating an exclusive distribution system through contract—which this Court has recognized is legal—and then through cease-and-desist letters, using litigation only as a last resort. *See* Proposed Counterclaim ¶¶ 6-10; Order at 3-4 (noting in explanation of facts that despite receiving cease-and-desist communications threatening legal action from ARG, Rez "continued to advertise and sell the products.  ARG then filed this

lawsuit.").

**B.    Because Rez Fails to State a Claim, Its Motion to Amend Should Be Denied.**

Because Rez's Proposed Counterclaim cannot withstand a motion to dismiss, its amendment would be futile and its Motion should be denied without leave to further amend. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) (holding that dismissal of a claim with prejudice is appropriate where it fails to state a claim and amendment would be futile). In its Motion, Rez argues simply that it cured the deficiencies identified in this Court's Order and that the proposed amendment is not futile because it sufficiently pleaded the improper means element and "details how ARG's litigation is objectively basis." Mot. at 5-6.  As discussed above, the Proposed Counterclaim does no such thing.  Further, this Court should deny Rez's Motion rather than, as Rez suggests, permit Rez to file the Proposed Counterclaim and then address the futility arguments in a dispositive motion. *See* Mot. at 6.  Forcing ARG to file a dispositive motion on the Proposed Counterclaim raising all of the same issues as in this Motion would be a waste of judicial resources, delay proceeding on the merits of ARG's claims, and be prejudicial to ARG. ARG filed this lawsuit well over a year ago, has already moved to dismiss Rez's counterclaims once and succeeded, and has now had to oppose Rez's instant Motion to assert a counterclaim that is ***again*** deficient, conclusory, and speculative for many of the same reasons as its Initial Counterclaims.  Rez has already tried and failed twice to assert a tortious interference claim based on "harassing litigation," and it should not be permitted a third chance.

**V.    CONCLUSION**

For the foregoing reasons, Plaintiff Allergy Research Group, LLC respectfully requests that Defendant Rez Candles, Inc.'s Motion for Leave to Amend be denied.

RESPECTFULLY SUBMITTED this 18th day of May, 2022.

FOLEY & LARDNER LLP

*/s/ Monica S. Call*
Monica S. Call
Wesley F. Harward

VORYS, SATER, SEYMOUR AND PEASE LLP
Martha B. Motley (*pro hac vice*)

*Attorneys for Plaintiff Allergy Research Group, Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on May 18, 2022, a copy of the foregoing was served via CM/ECF on

the following attorneys for Defendants Rez Candles and Reza Davachi as follows:

William O. Kimball
William B. Chadwick

*Attorneys for Defendants*

/s/ Monica S. Call
Monica S. Call