William O. Kimball (9460)
William B. Chadwick (16416)
KIMBALL ANDERSON
649 E. South Temple, 2nd Floor
Salt Lake City, Utah 84102
(801) 359-3333
bill@kimballanderson.com
will@kimballanderson.com

*Attorneys for Defendant Rez Candles Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| ALLERGY RESEARCH GROUP LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>REZ CANDLES INC., a Delaware corporation; and JOHN DOES 1-10,<br><br>Defendants. | **DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND**<br><br>Case No. 2:21-cv-00073-TC-JCB |

Defendant Rez Candles, Inc. ("Defendant"), pursuant to Fed. R. Civ. P. 7 and 15 and DUCivR 7-1, hereby submits the following Reply in Support of its Motion for Leave to Amend (Dkt. 62, "Motion") and in response to the Opposition (Dkt. 72, "Opposition") filed by Plaintiff Allergy Research Group LLC ("ARG"). ARG has failed to demonstrate that Defendant's Motion is futile and that Defendant's proposed First Amended Answer and Counterclaim (Dkt. 62-1,

"Counterclaim") is subject to dismissal. Therefore, it would be improper to deny Defendant's Motion and bar Defendant from filing its Counterclaim.

In light of the Court's April 4, 2022 Order and Memorandum Decision (Dkt. 57, "Order"), Defendant took diligent care to draft its Counterclaim in accordance with state and federal law. Defendant withdrew multiple causes of action and focused solely on its claim for tortious interference arising out of ARG's harassing litigation. Defendant sufficiently pled the economic relations that ARG interfered with, the harm resulting from ARG's interference, and how ARG's interference has been by improper means. ARG's Opposition seeks to muddy the Counterclaim, mischaracterize Defendant's allegations, and claim lack of supporting facts while ignoring those specific facts in the Counterclaim. ARG had no probable cause for commencing this action, but rather did so as a part of a "shotgun" series of filings wherein each case used the same template complaint consisting of the same 97-98 introductory paragraphs and asserting the same six causes of action. ARG only commenced this action to bully Defendant into stopping its sales of ARG products or to discover sufficient information to attack Defendant's supplier on one end and Defendant's reputation to consumers on the other end. These facts are sufficiently pled and support a claim for relief against ARG. The Court should therefore grant Defendant's Motion and permit Defendant to file its Counterclaim.

# REPLY

## I. DEFENDANT'S AMENDED COUNTERCLAIM IS NOT FUTILE BECAUSE DEFENDANT HAS SUFFICIENTLY PLED A CLAIM FOR TORTIOUS INTERFERENCE.

Defendant should be granted leave to amend its Counterclaim because its proposed cause of action for tortious interference is not futile. A motion to amend is only futile if "the plaintiff can prove no set of facts in support of his amendment that would entitle him to relief. *Aragon v. Dalton*, No. 2:18-cv-00620-DBB-DAO, 2021 WL 769237, *2 (D. Utah Jan. 21, 2021). In reviewing the Counterclaim, the Court should "accept all facts pleaded by the non-moving party as true and grant all reasonable inferences from the pleadings in favor of the same." *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1228 (10th Cir. 2012) (citation omitted). In this case, Defendant has sufficiently pled its claim for tortious interference. Defendant has pled facts that, when accepted as true, show that: (1) ARG "intentionally interfered with the [Defendant's] existing or potential economic relations"; "(2) by improper means'"; (3) "causing injury to [Defendant]," entitling Defendant to relief on tortious interference grounds. *See Eldridge v. Johndrow,* 345 P.3d 553, 565 (Utah 2015).

### A. Defendant has Sufficiently Pled ARG's Interference with Defendant's Economic Relations and Injury Resulting Therefrom.

Defendant's Counterclaim sufficiently alleges the existence of economic relations and ARG's intentional interference with them. In *Surgenex, LLC v. Predictive Therapeutics, LLC*, 462 F.Supp.3d 1160, 1179 (D. Utah May 26, 2020), the District Court for the District of Utah held that Plaintiff sufficiently alleged economic relations by pleading that it "had established a network of clients, customers, and contacts" in the stem cell product market. In *Zurich American Insurance*

3

*Co. v. Ascent Constr., Inc.*, No. 1:20-cv-00089-DBB, 2022 WL 36878, *5 (D. Utah Jan. 3, 2022), the Court held that the defendant sufficiently pled economic relations and interference by alleging that "Zurich proactively encouraged some or all of the project owners … to default on their contracts [with Ascent]." Like in *Surgenex* and *Zurich*, Defendant has sufficiently pled the existence of economic relationships by alleging that it "has contracts and business relationships with distributors who sell it ARG products" as well as "customers to whom is sells ARG products." Dkt. 62-1 at Counterclaim ¶¶ 20-21. ARG claims that these allegations are conclusory, but *Surgenex* and *Zurich* demonstrate the sufficiency of Defendant's pleadings. ARG also argues that the fact that Defendant's distributors "have become hesitant" to sell ARG products to Rez does not allege that they actually stopped selling ARG products or that there has been any other interference. This is a mischaracterization of the Counterclaim, as Defendant pled that its suppliers "have become hesitant to supply Rez Candles with ARG Products, <u>thereby limiting the supply of ARG products that Rez Candles has been able to acquire and sell,</u>" and that ARG's litigation has resulted in a "diminished supply of ARG products from distributors and diminished sales of ARG products." *Id.* at Counterclaim ¶¶ 33, 36. These are far from conclusory allegations, and Defendant has sufficiently pled the first element of its tortious interference claim.

    **B.**    **Defendant has Sufficiently Alleged Improper Means.**

Despite ARG's attempts to mischaracterize and muddy Defendant's Counterclaim, Defendant has sufficiently alleged that ARG's intentional interference is by improper means. To allege "improper means," a party must allege "actions that are 'contrary to law, such as violations of statutes, regulations, or recognized common law rules,' or actions that violate 'an established

4

standard of a trade or profession.'" *C.R. England v. Swift Transp. Co.*, 437 P.3d 343, 353 (Utah 2019) (quoting *Leigh Furniture & Carpet Co. v. Isom*, 657 P.2d 293, 308 (Utah 1982)). In Utah, "unfounded litigation" may constitute improper means. *See id.* In its Order, the Court explained that to allege 'wrongful use of civil proceedings' under Utah law, Defendant must allege that ARG's lawsuit is objectively baseless, i.e., that ARG initiated the lawsuit 'without probable cause, and primarily for a purpose other than that of securing the proper adjudication' of its claims." Order at 22 (quoting *Gilbert v. Ince*, 981 P.2d 841, 845 (Utah 1999)). Defendant's Counterclaim sufficiently does so, asserting that "ARG's harassing litigation constitutes improper means because such tactics constitute a wrongful use of civil proceeding contrary to Utah law and violate established industry standards" and laying the factual groundwork in support of that assertion. Dkt. 62-1 at Counterclaim ¶ 23. While ARG repeatedly argues in its Opposition that it is not clear what tort forms the basis for Defendant's improper means allegation and that ARG has failed to identify the laws and standards being violated, the plain language of the Counterclaim shows otherwise.

In the comparable case of *Ashley Creek Phosphate Co. v. Chevron USA, Inc.*, 315 F.3d 1245, 1268 (10th Cir. 2003) the Court reversed the district court's denial of Plaintiff's motion to dismiss a particular wrongful use of civil proceedings claim. The Court held that "in stark contrast to the other two segments of [Defendants'] counterclaims which specifically allege both the lack of probable cause and improper purpose elements," "the counterclaim merely alleges that [Plaintiff] involved [Defendants] in costly litigation which Ashley Creek ultimately lost." *Id*. In *Hatfield v. Cottages on 78th Cmty. Assoc.*, No. 2:19-cv-964 TS, 2020 WL 4784776, *2 (D. Utah. Aug. 18, 2020), the Court held that Defendants' lack of probable cause allegations were "spare

5

and conclusory" because Defendants provided "no factual basis for their claim that Plaintiff did not intend to prosecute her religious discrimination claim and that she always intended to withdraw it." The Court also held that Defendants provided "no factual basis support for Defendants' claim that they always treated Plaintiff 'in a manner free of religious interference.'" *Id.* Therefore, these generalized allegations failed to meet the pleading standards and required dismissal of Defendants' wrongful use of civil proceeding claim.

In contrast to *Ashley* and *Hatfield*, Defendant has sufficiently pled facts demonstrating ARG's lack of probable cause in bringing this action. A party only has "probable cause" in the context of a wrongful use of civil proceedings when they "reasonably believe[] in the existence of the facts upon which the claim is based, and … correctly or reasonably believe[] that under those facts the claims may be valid under the applicable law." *Gilbert*, 981 P.2d at 845-846. Defendant explains in detail how ARG lacked probable cause because the present action is merely part of a "shotgun" series of filings in which ARG used the same template complaint, the same initial 97 to 98 general information paragraphs, and the same six causes of action in four separate lawsuits. *See id.* at Counterclaim ¶¶ 25-27. The majority of the "thorough and detailed" facts that ARG points to in its Opposition are simply the same regurgitated generic facts found in each of ARG's three other complaints. In each complaint, ARG used the same pictures in paragraphs 55 and 56 and the same generic claim of harm that "[w]hen a consumer receives a non-genuine, damaged, or poor-quality product from an unauthorized seller, such as Defendants, the consumer associates that negative experience with ARG." *See id.* at Counterclaim ¶¶ 55-56, 141. The majority of ARG's facts are not specific to Defendant, and Defendant's specific identification of each of the other

6

actions in which ARG has used its template complaint and the mirror aspects of each complaint is more than conclusory assertion. Rather, they provide factual support of Defendant's allegation that ARG "had no realistic expectation of securing favorable relief *in this particular action*…." *Id.* at Counterclaim ¶ 28. Accepting these facts as true, ARG did not "correctly or reasonably believe[] that under those facts the claims may be valid under the applicable law," but rather hoped to bully ARG and/or the other resellers into ceasing their sales. *Gilbert*, 981 P.2d at 845-846. The Court should find that Defendant has sufficiently pled that ARG lacked probable cause in commencing the present action.

Defendant has also sufficiently pled how ARG's lawsuit was commenced for a purpose other than that of securing the proper adjudication of its claims as well as the factual support for those allegations. Namely, Defendant pled that: (1) "ARG's claims are only intended to interfere directly with Rez Candles' business relationships through the use of governmental process as an anticompetitive weapon"; (2) "ARG's litigation is intended to have Rez Candles cease its resales of ARG Products or to provide ARG with the identities of its suppliers so that ARG may retaliate against those suppliers by cutting off sales to those suppliers"; and (3) "ARG's litigation is also intended to diminish Rez Candles' reputation and thereby diminish customers' willingness to purchase goods from Rez Candles." Dkt. 62-1 at Counterclaim ¶¶ 29-30, 34.  In support of those assertions, Defendant further pled that: (1) Defendant's provision of its supplier(s)' identity has resulted in ARG's counsel contacting at least one supplier and attempting to intimidate that supplier; and (2) the inclusion of paragraphs regarding prior lawsuits involving Rez Candles' owner "is irrelevant to the claims at issue in the present action and only intended to call the

character of Rez Candles and its owner into question.". *Id.* at Counterclaim ¶¶ 31-33, 35. Each of these factual assertions, asserted as true, demonstrate how ARG's litigation was filed for a purpose other than receiving a favorable verdict in this action. Furthermore, the Court has recently seen this exact series of events play out. ARG claims that there is no factual support for the assertion that it intends to use this lawsuit to identify Defendant's suppliers and retaliate against them. Yet, ARG just did so, using this litigation and the subpoena process to become aware of Defendant's supplier. Then, during a May 24, 2022 hearing in this action, ARG's counsel stated that their client will likely reach out to that supplier and pressure them into cutting off sales to Defendant. Defendant has sufficiently pled improper means in the form of a wrongful use of civil proceeding, and ARG's conduct is affirming the validity of those pleadings.

ARG's additional arguments in its Opposition are without merit. ARG claims that the Court has already considered and rejected this basis for tortious interference. On the contrary, the Court's Order only rejected the sufficiency of the pleadings, not the merits of the claim. *See generally* Order at 19-23. ARG also claims that Defendant ignored the abundance of federal trademark infringement law permitting ARG to file this kind of lawsuit and that ARG's intent in this case is to obtain a judgment in their favor. Defendant has not ignored ARG's cited law. Rather, Defendant has alleged sufficient facts to show that Defendant's lawsuit was objectively baseless and not founded on that law. By acquiring the identity of Defendant's supplier(s), forcing the supplier(s) to cut off Defendant, and making customers unwilling to buy ARG products from Defendant through character attacks in pleadings, ARG is using the <u>process</u> of the litigation to achieve the outcome it desires without spending the time and expenses in litigation.

### C. Defendant has Sufficiently Alleged Harm.

Defendant has sufficiently pled the third element of its tortious interference claim and alleged harm resulting from ARG's interference with Defendant's economic relations. In *Surgenex* and *Zurich* the courts held that the parties alleging tortious interference satisfied their harm pleading requirements by alleging that they had "lost revenue, market share, and economic advantage" or that the opposing party's conduct "caused [the alleging party] to incur damages." *Surgenex*, 462. F.Supp.3d at 1180; *Zurich*, 2022 WL at *5. A party does not need to "allege their damages with particularity at the motion to dismiss stage," and Defendant's allegations of the loss in supply of ARG products and reduced sales of ARG products are sufficient to satisfy its pleading obligations. *Surgenex*, 462. F.Supp.3d at 1180.

### CONCLUSION

For these reasons, Defendants respectfully request that this Court grant its motion and allow Defendant leave to amend its counterclaims.

DATED: June 1, 2022

                                              KIMBALL ANDERSON

                                              /s/ William O. Kimball
                                              William O. Kimball
                                              William B. Chadwick
                                              *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I certify that on June 1, 2022, I filed the foregoing **DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND** using the Court's CMECF system which will serve notice to all counsel of record.

/s/ Stephanie Hamilton
Paralegal