IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ALLERGY RESEARCH GROUP LLC, a Delaware limited liability company,<br><br>  Plaintiff,<br><br>vs.<br><br>REZ CANDLES INC., a Delaware corporation,<br><br>  Defendant. | ORDER<br>AND<br>MEMORANDUM DECISION<br><br>Case No. 2:21-cv-73-TC-JCB |

After Plaintiff Allergy Research Group (ARG) brought a complaint against Defendant Rez Candles (Rez) (in which it asserted claims of trademark infringement, unfair competition, deceptive trade practices, and tortious inference with contractual relations), Rez filed a counterclaim asserting two antitrust claims and a claim for tortious interference with economic relations. On April 4, 2022, the court dismissed the counterclaims for failure to state a claim, but gave Rez an opportunity to amend. (See ECF No. 57.)

Rez has followed up with its Motion for Leave to Amend (ECF No. 62) under Federal Rule of Civil Procedure 15(a), in which it seeks permission to re-file its tort claim. Because Rez's proposed amended counterclaim does not state a claim for tortious interference, the court finds that amendment would be futile and denies the Motion.

1

**Standard of Review**

Under Rule 15 of the Federal Rules of Civil Procedure, the court must give leave to amend a complaint when justice so requires. Fed. R. Civ. P. 15(a). The court may, however, deny a request for leave "upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993).

In its opposition to the Motion, ARG argues that allowing Rez to file its proposed counterclaim would be futile because Rez fails to state a claim upon which relief can be granted. "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." Bradley v. Val–Mejias, 379 F.3d 892, 901 (10th Cir. 2004).

To make that determination, the court applies the same standard applicable to motions to dismiss under Rule 12(b)(6). Seale v. Peacock, 32 F.4th 1011, 1027–28 (10th Cir. 2022). "To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal citations, quotation marks, and alteration omitted). Additionally, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation[.]'" Id. (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

**<u>Tortious Interference With Economic Relations</u>**

To state its claim for tortious interference with economic relations, Rez must allege that ARG intentionally interfered with Rez's existing or potential economic relations by improper means, which injured Rez. <u>Eldridge v. Johndrow</u>, 345 P.3d 553, 565 (Utah 2015). At issue here is whether Rez has alleged improper means, which Utah courts have limited to "actions that are 'contrary to law, such as violations of statutes, regulations, or recognized common-law rules,' or actions that violate 'an established standard of a trade or profession.'" <u>C.R. England v. Swift Transp. Co.</u>, 437 P.3d 343, 353 (Utah 2019) (quoting <u>Leigh Furniture & Carpet Co. v. Isom</u>, 657 P.2d 293, 308 (Utah 1982)).

Rez says that ARG has interfered with Rez's existing and potential economic relations by filing this "objectively baseless" lawsuit without "probable cause" to harass Rez and other competitors.[1] (Proposed Am. Counterclaim ¶ 24, ECF No. 62-2.) According to Rez, ARG has "no realistic expectation of securing favorable relief" against Rez and is using harassing lawsuits "as a tool to discover Rez Candles' and other competitor's [sic] suppliers so that ARG may punish those suppliers for providing Rez Candles and other competitors with ARG products." (<u>Id.</u> ¶¶ 16, 28.) All of this, says Rez, establishes improper means "because such tactics constitute a wrongful use of civil proceedings contrary to Utah law and violate established industry standards." (Id. ¶ 23.)

Rez does not adequately allege improper means. To begin, it does not identify any industry standard that ARG has allegedly violated. "[T]o prove the element of improper means based on an alleged violation of an established industry rule or standard, the plaintiff must

---

[1] The court describes ARG's business, its claims, and its relation to Rez at length in its April 2022 Order (ECF No. 57) and will not repeat that information here.

provide evidence of an objective, industry-wide standard." C.R. England, 437 P.3d at 355. The most Rez offers is its conclusory allegation that ARG's lawsuit and alleged harassment "violate[s] established standards." (Proposed Am. Counterclaim ¶ 23.)

Rez has also not alleged facts showing violation of a statute, regulation, or a recognized common law rule. Although Rez asserts that ARG has violated a common law rule—the underlying tort of wrongful use of civil proceedings—its allegations do not establish the tort's elements.

> One who takes an active part in the initiation, continuation, or procurement of civil proceedings against another is subject to liability to the other for wrongful civil proceedings if **(a)** he [or she] **acts without probable cause, and primarily for a purpose other than that of securing the proper adjudication of the claim** in which the proceedings are based, **and (b)** except when they are ex parte, **the proceedings have terminated in favor of the person against whom they are brought**.

Gilbert v. Ince, 981 P.2d 841, 845 (Utah 1999) (alteration in original) (emphasis added) (quoting Restatement (Second) of Torts § 675).

To demonstrate lack of probable cause for the lawsuit, Rez must show an "improper purpose and lack of a justifiable basis for instituting or maintaining the underlying action." Id. at 846. To that end, Rez contends that ARG's claims have no merit. It does not, however, address the substance of ARG's allegations. Instead, Rez describes this lawsuit "as part of a 'shotgun' series of filings to force numerous resellers of ARG products into ceasing resales through the threat and implementation of litigation." (Proposed Am. Counterclaim ¶ 25 (citing three ARG lawsuits in the District of Utah).) According to Rez, ARG's various complaints against other defendants (the "series of filings") use the "same template" with "effectively identical" general information sections and assert the same six causes of actions. (Id. ¶¶ 26–27.)

4

The fact that ARG has filed similar lawsuits to protect its trademark rights is not a sign that ARG's lawsuit here lacks a justifiable basis.[2] Indeed, on its face, ARG's Complaint[3] suggests a principled basis for the claims against Rez.[4]

Additionally, Rez's assertion that ARG is retaliating against its suppliers does not show lack of probable cause or that ARG filed this lawsuit primarily to accomplish something other than adjudication of its claims on the merits. Rez says that ARG intends to stop Rez's resales of ARG products and to gather the identities of Rez Candles' suppliers (through discovery) "so that ARG may retaliate against those suppliers by cutting off sales[.]" (Id. ¶ 30.) In support, Rez contends that ARG has contacted at least one of Rez's suppliers and that Rez's suppliers are "hesitant to supply Rez Candles with ARG Products." (Id. ¶ 33.) Even taking those allegations as true, they are not inconsistent with a finding that ARG has alleged a legitimate good faith basis for its claims against Rez.

The second element of the underlying tort poses a problem for Rez as well. To succeed on a claim of wrongful use of civil proceedings, a party must show that "the proceedings have terminated in favor of the person against whom they are brought." Gilbert, 981 P.2d at 845.

---

[2] Rez also accuses ARG of using the lawsuit "as an anticompetitive weapon" (Proposed Am. Counterclaim ¶ 29). In a previous order, the court rejected Rez's attempt to paint the lawsuit as a violation of antitrust laws, in part because Rez did not show that the lawsuit is "objectively baseless." (See Apr. 4, 2022 Order & Mem. Decision at 16–17, 21–22, ECF No. 57.) Rez's current allegations fare no better.

[3] Because Rez contends that ARG had no justifiable basis for filing the complaint, the court has reviewed the allegations in ARG's complaint. Relying on that document is appropriate here because Rez's proposed counterclaim refers to the complaint, which is central to Rez's contention that ARG's lawsuit lacks probable cause. Gee v. Pacheco, 627 F.3d 1178, 1186 (10th Cir. 2010); Prager v. LaFaver, 180 F.3d 1185, 1188–89 (10th Cir. 1999).

[4] The court is not commenting on the merits of ARG's claims. Rather, the complaint articulates reasonable concerns and a legitimate good faith basis for bringing an action to protect trademark rights and products.

Clearly, the court has not yet tested the merits of ARG's lawsuit, and, accordingly, the proceeding has not been "terminated."

By failing to allege the underlying tort—that is, the improper means—in its proposed counterclaim, Rez has not alleged the tort of intentional interference. Giving Rez leave to amend would be futile because its counterclaim would be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Since this is Rez's second attempt to properly allege the tort, the court denies its request with prejudice.

## ORDER

For the foregoing reasons, the court denies Defendant's Motion for Leave to Amend (ECF No. 62).

SO ORDERED this 31st day of August, 2022.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
U.S. District Court Judge